LANSING LIQUIDATION CORPORATION, Respondent, *v.* ARTHUR
   P. HEINZE and Others, Doing Business as Copartners
   under the Firm Name and Style of " OTTO HEINZE AND
   COMPANY," Appellants.

First Department, July 11, 1918.

**Bankruptcy — duty of bankrupt debtor to schedule assigned claim —
   action for money loaned — defense of payment — declarations
   against interest — administration in bankruptcy of partnership
   estate — payment of partnership and individual debts — burden of
   establishing due diligence by bankrupt to ascertain true owner of
   claim — form of judgment against members of partnership,
   one or more of whom have been adjudged bankrupt — effect of
   dissolution of partnership — when question of discharge of partners
   immaterial in action against firm.**

If a bankrupt debtor has no knowledge of an assignment of a claim against
   him it is sufficient for him to schedule said claim in the name of the original
   creditor; but if he has knowledge of an assignment it is his duty to use his
   best efforts to discover to whom the claim has been assigned and to insert
   the name of the assignee in his schedules. He must use due diligence to
   ascertain the facts as to the owner of the claim and as to the other par-
   ticulars which he is required to set forth in his schedules.

Where in an action against the several members of a partnership to recover
   for money loaned to the defendants they alleged payment as a defense,
   the court properly excluded an unsigned document which purported to be
   a statement of claims between an assignor of the plaintiff and the defendants
   which was offered upon the theory that it contained declarations of said
   assignor against interest, it appearing that one of the defendants testified
   merely that to the best of his recollection he received said document from
   the assignor.

On the bankruptcy of a partnership the assets of the individual partners
   must be first exhausted to pay individual debts and the property and
   assets of the partnership to pay partnership debts.

Where in an action against the members of a partnership to recover for
   money loaned the defendants place in evidence their discharges in bank-
   ruptcy, but it appears that the claim of the plaintiff against one of the
   defendants was not properly scheduled in that the schedule did not contain
   the name of the *then* owner of the claim in question, the burden then fell
   upon said defendant to show due diligence on his part to ascertain and
   state the true owner of the claim.

In view of the absence of any proof of the exercise of reasonable diligence on
   the part of the defendant to ascertain the facts as to the ownership of the

claim, the refusal of the trial court to submit to the jury the question as to whether the defendant had knowledge of the assignment of the claim when he verified his schedule did not constitute reversible error.

Where a partnership has been adjudged solvent in a bankruptcy proceeding an action for money loaned is properly brought against the several members of the firm with the allegation that they were doing business as copartners under the firm name, and judgment may be taken against the several defendants doing business as copartners under the firm name.

While a partnership may be dissolved so far as the partners themselves are concerned, still, until the partnership assets are collected and distributed to the persons entitled thereto, the partnership still exists, so far as the public at large and creditors of the firm are concerned.

Where an action for money loaned is primarily against a partnership, the individual members being made parties defendant, the judgment should establish the liability of the defendants as copartners, and where it appears that the firm has been adjudged solvent in a bankruptcy proceeding and that the judgment obtained will undoubtedly be satisfied from the firm assets the question of the discharge in bankruptcy of the individual defendants is immaterial.

SMITH, J., dissented in part, with opinion.

APPEAL by the defendants, Arthur P. Heinze and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of June, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 26th day of June, 1917, denying defendants' motion for a new trial made upon the minutes.

*Franklin Bien,* for the appellant Arthur P. Heinze.

*Walter H. Dodd,* for the appellant Otto C. Heinze.

*Henry H. Kaufman* of counsel [*Hays, Hershfield & Wolf,* attorneys], for the appellant Max H. Schultze.

*Anthony J. Ernest* of counsel [*Robert D. Ireland,* attorney], for the respondent.

MERRELL, J.:

This is an appeal by the defendants from a judgment for $335,098.43, and from an order denying a motion for a new trial under section 999 of the Code of Civil Procedure.

The plaintiff alleges that on or about the 9th day of September, 1907, the Ætna Indemnity Company of Hartford, Conn.,

loaned and advanced to the defendants Arthur P. Heinze, Otto C. Heinze and Max H. Schultze, doing business as copartners under the firm name and style of Otto Heinze and Company, the sum of $256,500, which sum the defendants, as such copartners, jointly agreed to repay to the said Ætna Indemnity Company, with interest at the rate of six per cent. The claim in question was thereafter and on the 28th day of October, 1907, assigned to the Kilburn Syndicate, and after that was assigned by said Kilburn Syndicate to one Joseph G. Robin.   Robin, late in the year 1912 or early in the year 1913, orally assigned said claim to Robert D. Ireland, who is the plaintiff's president and attorney.   Said claim was by him in turn assigned to plaintiff.   As collateral security for the loan the defendants delivered to the Ætna Indemnity Company certain certificates of stock under an option agreement providing for sale thereof in case of default.   This collateral was sold for the sum of $45,000.   The court charged the jury that the defendants were entitled to credit for such amount upon the amount claimed by the plaintiff.   After deducting the said sum of $45,000, plaintiff recovered judgment in the sum of $335,098.43, balance due with added interest.

After the assignment to Robin, the defendants Otto C. Heinze and Max H. Schultze each filed a petition in bankruptcy and each was discharged as a bankrupt.   In amended schedules filed in the bankruptcy proceeding by Otto C. Heinze, the plaintiff, Lansing Liquidation Corporation, as assignee of the Ætna Indemnity Company, appears as a creditor.   The schedule also mentions the fact that the debt is on the alleged claim for $256,500, and that said claim is in dispute and still pending in the Supreme Court and undetermined.   It, therefore, appears that as to Otto C. Heinze the claim which is the gravamen of this action was properly set up in the bankruptcy schedules, and that by the adjudication in bankruptcy he was individually discharged from said debt.   This is not true, however, in respect to the bankruptcy schedules filed by the defendant Max H. Schultze.   These schedules contain the name of the Ætna Indemnity Company as the creditor.   It appears that at this time the claim had been assigned by the Ætna Indemnity Company and that said company was then no longer interested therein.   Under the deci-

sions, in case of assignment of a claim against a bankrupt debtor, if such debtor has no knowledge of the assignment, it is sufficient for him to schedule the claim in the name of the original creditor. If, however, the bankrupt has knowledge of an assignment of the claim it is his duty to use his best efforts to discover to whom the claim was assigned and to insert the name of the assignee in the schedules, and he must use due diligence to ascertain the facts as to the owner of the claim and as to the other particulars which he is required to set forth in his schedules. (*Horbach* v. *Arkell*, 172 App. Div. 566.)

The defendants set up payment in their respective answers, but failed to establish upon the trial such defense. That question, however, appears to have been properly submitted to the jury. The defendants claim on the issue of payment that during the numerous transactions between the parties a note was given by one Brunssen, who was a clerk in the employ of the United Copper Company, to the Ætna Indemnity Company, which note was additional collateral security for the aforesaid $256,500 loan. The defendants endeavored to put in evidence an unsigned document, in form an agreement, and which purported to be a settlement of claims between Joseph G. Robin and the defendants, and provided, among other things, for the purchase by Heinze of the Brunssen note for $1,000. The theory upon which it was offered was that it contained declarations of Robin against interest. The trial court did not admit this instrument in evidence, and the testimony of the witness Arthur P. Heinze was not sufficient to warrant its admission. The instrument in question was executed by no one, and Heinze testified simply that, " To the best of my recollection, I received this from Robin." I do not think that under the circumstances the instrument in question had any probative force, and the same was properly excluded.

The main contention in the case, and the one which is urged by the appellants, is that the defendants Otto C. Heinze and Max H. Schultze were actually discharged in bankruptcy, and that the proof upon the trial of such discharge was sufficient to warrant a finding that the two defendants mentioned were each discharged from payment of the debt in

question, and that as to them the complaint should be dismissed.

Some time prior to the commencement of this action creditors of Otto Heinze and Company, upon the allegation that said firm was insolvent, sought to put the firm into involuntary bankruptcy. That proceeding was contested and the petition was denied on the ground that the firm was not insolvent.

The law in bankruptcy cases in respect to partnerships is, that the assets of the individual partners must be first exhausted to pay individual debts, and that the property and assets of the partnership must be first exhausted to pay partnership debts. Upon the trial the defendants Schultze and Otto C. Heinze put in evidence their respective discharges in bankruptcy, which appear as exhibits in the case. Such discharges under the Bankruptcy Law and under the decisions in the United States Supreme Court, provide that all provable debts existing at the date of the filing of the petition are discharged, except such as are by law excepted from the operation of a discharge in bankruptcy. The discharges in question, on their face, discharged said bankrupts individually and as members of said firm, with the exception that a certain claim in favor of the Mercantile National Bank against the defendants as such copartners was excepted from the discharge of said Schultze. It was urged, however, upon the trial, and proof was offered showing that the claim of the plaintiff against the defendant Max H. Schultze was not properly scheduled in that the schedule filed in his bankruptcy proceeding did not contain the name of the *then* owner of the claim in question. The proofs having disclosed the fact that such schedules were faulty, the burden then fell upon Schultze to show due diligence on his part to ascertain and state the true owner of the claim, that is, the name of his creditor. Schultze disclaimed knowledge of the assignment from the Ætna Indemnity Company, but failed to show diligence on his part to ascertain the facts. The evidence on the part of the plaintiff was to the effect that Schultze had such knowledge. Defendant Schultze having professed ignorance concerning the assignment of the claim in question, it is now claimed that the trial court erred in refusing to submit to the jury the question as to whether he had such knowledge

when he verified his schedule in bankruptcy. The schedules filed by the defendant Schultze, in so far as they pertain to the claim of the plaintiff, are remarkable for what they do not contain. I do not think Schultze can hide behind a profession of ignorance. He was a member of the copartnership and presumably had some information as to its affairs and obligations. His partner, Otto C. Heinze, knew of the assignment of the claim by the Ætna Indemnity Company, the original obligee, and in his proceeding in bankruptcy properly scheduled the claim in the name of its owner. In Schultze's schedules the claim is stated to be that of the Ætna Indemnity Company, with the street, borough and city addresses of that company stated, but as to each of the particulars as to when and where the claim was contracted, the nature of the debt, and its amount, the bankrupt pleads ignorance, stating that each is unknown to him. In his testimony, he not only denies all information as to the present ownership of the claim, but testifies that he does not even know that the claim stated as that of the Ætna Indemnity Company in his schedules refers to the claim in suit. The bankrupt nowhere evinces any effort to inform himself or to correctly state the name of the claimant or nature or amount of the claim, or when and where contracted. I do not think, as matter of law, any diligence on his part is shown, and that so far as the claim in suit is concerned, there might as well have been no mention of it in the schedules. In view of the absence of any proof of the exercise of reasonable diligence on his part to ascertain the facts, I do not think the refusal of the trial court to submit such question to the jury constituted reversible error. (*Horbach* v. *Arkell,* 172 App. Div. 566, 568; *Niles* v. *Yoakum,* 179 id. 75; *Kreitlein* v. *Ferger,* 238 U. S. 21.)

In the case last cited (*Kreitlein* v. *Ferger*), where the alleged deficiency in the schedules was a failure on the bankrupt's part to state a correct street address in the city of Indianapolis, in his dissenting opinion, Mr. Justice DAY, in discussing the duty of the bankrupt to use diligence in making up his schedules, says: "It is a question of due diligence in every case, with the burden of showing such diligence upon the bankrupt, and there is nothing in this

case to show that Kreitlein did not know of Ferger's address in Indianapolis, nor is there a showing of diligence on his part to discover what it actually was if in fact it was unknown."

While the decision in that case (*Kreitlein* v. *Ferger*) was undoubtedly correct, yet the language of Mr. Justice DAY, above quoted, and in which Mr. Justice McKENNA concurs, beyond question correctly states the rule as to the diligence that a bankrupt is bound to exercise.   (*McKee* v. *Preble*, 154 App. Div. 156.)

The defendants Otto C. Heinze and Max H. Schultze claim that their names should be stricken from the judgment, and that the judgment should stand against the defendant Arthur P. Heinze.   This raises the question as to the form of the judgment to be taken against members of a copartnership one or more members of which have been adjudged a bankrupt.

It is admitted that the copartnership has never been actually dissolved, and still exists.   The plaintiff had the right to sue the partnership and to exhaust the partnership assets in payment of its claim before the trustee in bankruptcy of either Heinze or Schultze could resort to such assets.   The trustees of Heinze and Schultze would have a right merely to the equity in the partnership assets after all partnership debts had been paid.   All suits against partnerships are brought against individual members with an allegation that such members are doing business under the firm name and style which they have adopted.

It seems to me that as the firm has not actually been dissolved, and as it does not appear that such firm is without assets, but on the contrary that said firm has been adjudged solvent, the form of the action was proper, being brought against the several members of the firm, with the allegation that they were doing business as copartners under the firm name and style of Otto Heinze and Company, and that any judgment taken in the case at bar or in the case which was submitted with it, should be against Arthur P. Heinze, Otto C. Heinze and Max H. Schultze, doing business as copartners under the firm name and style of Otto Heinze and Company.

While a partnership may be dissolved so far as the partners themselves are concerned, still until the partnership assets

are collected and distributed to the persons entitled thereto, the partnership still exists so far as the public at large and creditors of the firm are concerned. This point is well considered in Rowley on Modern Law of Partnerships, at pages 771–773. The learned author says: " That the partnership continues even after dissolution for the purpose of settling its affairs is so firmly settled that the citation in full of the numerous authorities holding to that effect is practically unnecessary. It has been well said that ' Whenever a partnership is dissolved the object of the association is terminated and nothing remains to be done except the arrangement of the affairs of the partnership; and until they are settled, as between the parties, the partnership may be said to continue. * * * For the purpose, therefore, of making good outstanding engagements the partnership must in legal contemplation have a *continuance,* although, as between the parties themselves, it is actually determined.' Dissolution of a firm does not abrogate firm contracts nor change the liability of the partners to third persons on firm contracts." (Citing *In re Suprenant,* 217 Fed. Rep. 470, and other cases.) (Also, see, *New York Fastener Co.* v. *Wilatus,* 65 App. Div. 467.)

No embarrassing questions could arise should the plaintiff endeavor to collect the judgment from the firm assets. As to the defendant Otto C. Heinze the judgment dismisses the complaint, and plaintiff has not appealed. So that said Heinze is protected by the judgment entered and cannot be heard to complain. In case the partnership assets should prove inadequate to satisfy the judgment and plaintiff should endeavor to collect from the individual property of Max H. Schultze, the latter could amply protect himself, if able to show his due discharge in bankruptcy.

Notwithstanding and in addition to the reasons hereinbefore stated, I am of the opinion that the judgment appealed from should be affirmed. The action is primarily against the firm of Otto Heinze and Company, the individuals comprising said firm being properly parties defendant. The judgment should establish the liability of the defendants as such copartners. It nowhere appears but that the judgment obtained will be satisfied from the firm assets, real and personal. If and only when such firm assets are found to be inadequate to discharge

the judgment can resort be had to the individual property of any copartner. At such time as the individual property of any copartner is sought to be taken to meet a deficiency remaining after exhausting the firm assets, such individual may assert a valid discharge in bankruptcy to relieve his individual property.

Therefore, I do not think the question of the discharge in bankruptcy of either Otto C. Heinze or Schultze was a material issue in the action.

The judgment and order appealed from should be affirmed, with costs.

CLARKE, P. J., DOWLING and PAGE, JJ., concurred; SMITH, J., dissented in part.

SMITH, J. (dissenting in part):

I think the court should have submitted to the jury whether Schultze had knowledge, or used reasonable diligence to secure knowledge of the assignment of the claim in suit by the Ætna Indemnity Company to the Kilburn Syndicate at the time he filed his schedules in bankruptcy. He swears that he had no such knowledge. Robin swears that the Kilburn Syndicate Company's claim was mentioned between him and Schultze. This is denied by Schultze. A bankrupt is not bound to inquire of all his creditors whether their claims have been assigned to others, but may assume that the claims are held by those creditors until notice of the assignment is in some way given to him. The fact that the claim was included in the schedules of his partner, Otto C. Heinze, in the name of the assignee has no significance. Those schedules were not filed until three years after Schultze filed his schedules and after this complaint was served. Otto Heinze swears that he had no knowledge of the assignment of the claim until 1912 or 1913, and that he took the claim from the complaint in this action and inserted the same in his schedules. The Schultze schedules were filed in 1910, and this action was commenced in 1913. The trial court refused to permit Schultze to present this question to the jury, and for that reason, I think, he was improperly charged individually with the debt.

In the prevailing opinion herein it is stated that it nowhere

appears but that judgment obtained will be satisfied from the firm assets real and personal, and that at such time as the individual property of any copartner is sought to be taken to meet a deficiency remaining after exhausting the firm assets, such individual may assert a valid discharge in bankruptcy to relieve his individual property. No method is stated in the opinion by which Schultze can at any time assert his individual discharge as against an individual liability. The execution naturally will be satisfied first out of the firm assets, but if they be insufficient, the sheriff, without further mandate of the court, would be required to satisfy the judgment out of the individual assets of Schultze. In Lindley on Partnership (8th Eng. ed. p. 357) it is said: " If a judgment has been obtained against several persons sued jointly, the writ of execution founded on the judgment must be against all of them, and not against some or one of them only; for the judgment does not warrant such a writ. But, although the writ of execution on a joint judgment must be joint in form, it may be levied upon all or any one or more of the persons named in it; for each is liable to the judgment creditor for the whole, and not for a proportionate part of the sum for which judgment is obtained. The consequence of this is that the sheriff may execute a writ issued against several partners jointly, either on their joint property, or on the separate property of any one or more of them, or both on their joint and on their respective separate properties; and so long as there is, within the sheriff's bailiwick, any property of the partners, or any of them, a return of *nulla bona* is improper."

I can conceive of no proceeding which the defendant Schultze could then take to relieve himself from individual liability, and if such a proceeding were possible, it would be met by this adjudication of individual liability contained in this judgment.

I, therefore, advise a modification of the judgment and a new trial as to this issue.

Judgment and order affirmed, with costs.