Submitted on brief of appellant September 9; reversed
September 16, 1941

## LIQUIDATORS *v.* VAN BRUGGEN ET AL.

(116 P. (2d) 809)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Frank H. Reeves,* of Portland, for appellant.

No appearance for respondent.

KELLY, C. J. The question here presented is whether the proceedings in bankruptcy justify the order discharging and satisfying of record the judgment in favor of plaintiff and against defendants, which judgment was rendered on November 27, 1939, in the sum of $3,000, with interest at eight per cent per annum from December 20, 1933, and $200 attorneys' fees together with costs and disbursements, and which judgment was entered in docket 35, page 257, of the Judgment Lien Docket of the circuit court of the state of Oregon for the county of Multnomah.

The statute of Oregon contains the following provision:

"Any person discharged from his debts pursuant to the act of congress known as 'An act to establish a uniform system of bankruptcy throughout the United States,' approved July 1, 1898, and all subsequent amendments thereto, may file in any court or tribunal in which a judgment shall at any time have been rendered or a transcript thereof filed against him, either before or after such discharge, a motion in such suit, action or proceeding for the discharge of the judgment from the record, and if it shall appear to the court that he has been discharged from the payment of such judgment or the claim upon which such judgment shall have been based, the court shall order and direct that such judgment be discharged and satisfied of record, and thereupon the clerk of such court shall enter a satisfaction thereof; provided, however, that no such order shall be granted except upon such notice to the parties interested as the court or judge thereof may by order prescribe." Vol. 1, O. C. L. A. section 6-1002, p. 557.

It will be noted that in order to warrant a discharge of a judgment under the provisions of the foregoing

section of the statute, it must appear to the court that the judgment debtor has been discharged from the payment of such judgment or the claim upon which such judgment shall have been based.

An examination of the record convinces us that the defendants have not shown that they were discharged from the payment of the judgment in suit or of the claim upon which it was based.

The complaint herein was filed on November 10, 1939, and contains an allegation that the note upon which this action is based was executed by defendants to Multnomah Commercial & Savings Bank. It also appears from said complaint that said note was sold, assigned and set over to Werner Raz and thereafter, but prior to the filing of said complaint, was sold, assigned and set over to plaintiff.

The return of the sheriff upon the summons herein discloses that on the 13th day of November, 1939, personal service of summons was made in Multnomah county, Oregon, upon each of the defendants by delivering to each of them a copy of the complaint and a copy of the summons.

No appearance was made in answer to said summons and the default of defendants was entered and judgment rendered as stated.

On the 21st day of March, 1941, the following affidavit was filed herein: [Title of cause and jurat omitted.]

"State of Oregon )
                 ) ss.
County of Multnomah )

I, Minnie L. Van Bruggen, being first duly sworn, depose and say that I am one of the defendants in the above entitled action; that Peter J. Van Bruggen, my husband, the other above named defendant, and I re-

ceived our discharge in bankruptcy in the United States District Court for the District of Oregon on November 26th, 1940;

That in presenting the information to our attorney for the preparing of the schedules in bankruptcy we gave him the name of Henry Raz of Multnomah, Oregon; that in the early part of the summer of 1940 to the best of my recollection in April or May the said Henry Raz came to our home in Portland and wanted to know if and when my husband and I would. be in a position to pay something on account of the said note; that from all appearances he was the primary creditor in dealing with this obligation;

That we told our attorney that we thought we had been approached by a collection agency in regard to this obligation, and we went through our records and papers in an effort to determine what agency had the said note for collection; that in view of the fact of Mr. Raz's visit to us a short time before, we assumed that he held the note; that Mr. Raz informed us that he had received notice of the bankruptcy, but that he had not communicated that fact to this collection agent, plaintiff herein;

That we did not know until within the past several weeks that the claim of Mr. Raz had been reduced to judgment by plaintiff herein; that had we known said fact, we would have scheduled both plaintiff herein and Mr. Raz in our bankruptcy proceeding in order that plaintiff together with Mr. Raz would have had notice thereof;

That in our bankruptcy proceeding, the trustee appointed by the court held for distribution the approximate sum of Eighty-nine and no/100 ($89) Dollars; and that the State Industrial Accident Commission filed a preferred claim in the approximate sum of Six Hundred and Eighteen and no/100 ($618) Dollars; that the said Henry Raz did not file his claim in the bankruptcy proceeding; that my husband and I acted in good faith in scheduling the debt to Mr. Raz, and this affidavit is made to support our motion to have

declared satisfied the judgment obtained by plaintiff herein on the promissory note assigned to it by said Henry Raz.

Minnie L. Van Bruggen.''

On March 11, 1941, an order was made that Henry Raz and plaintiff appear before the judge of the circuit court on the 18th day of March, 1941, to show cause why said judgment should not be released and satisfied of record.

By leave of court and stipulation of the parties, the hearing upon said order to show cause was reset for March 20, 1941.

On March 20, 1941, the following stipulation was filed, omitting title and signatures:

''For the purpose of the hearing to show cause order in the above entitled court and cause, it is hereby stipulated by and between the parties hereto, through their attorneys, that the said Peter J. VanBruggen and Minnie L. Van Bruggen, his wife, filed their schedules in the United States Bankruptcy Court for the District of Oregon, under No. B-251231, in August, 1940, and were duly discharged on the 26th day of November, 1940.

That on November 28, 1939, the plaintiff herein secured judgment against the above named defendants on an action then pending on a certain note in the amount of $3,000.00, plus attorney's fees and costs, which said note had been assigned to the said plaintiff prior to the filing of said action and which said note was and is the same note as listed in the bankruptcy schedules as claim of Henry Raz, of Multnomah, Oregon, in the sum of $3500.00.

That notice of bankruptcy of the said parties was duly mailed to and received by the said Henry Raz.

That the plaintiff herein was not listed as a creditor in said schedules, neither was the plaintiff at any time notified of said proceedings in bankruptcy, nor did

the plaintiff have any knowledge or information of the pendency of said bankruptcy proceedings.

Dated this 19th day of March, 1941.''

From the foregoing, which comprises all of the record herein pertinent to the question before us, it is apparent that plaintiff was not listed in defendants' bankruptcy schedules as a creditor of defendants, was not notified of said proceedings in bankruptcy and had no knowledge or information of the pendency thereof.

■ ■ The return of the sheriff upon the summons herein dissipates defendants' right to ignore the entry of judgment herein in making their bankruptcy schedules on the ground that they were not aware of the rendition of such judgment.

In order to secure a discharge in bankruptcy from liability upon a judgment based upon an assigned chose in action, the bankrupt must either list the claim in the name of the judgment creditor or show that the judgment creditor had knowledge of the pendency of the bankruptcy proceeding in time to permit him to prove his claim therein. Black on Bankruptcy, (4th Ed.) 1524, § 1210; *In re Osofsky, et al.*, 50 Fed. 2d 241; *Columbia Bank v. Birkett*, 174 N. Y. 112, 66 N. E. 652, 102 Am. St. Rep. 478, affirmed in 195 U. S. 345, 25 S. Ct. 38, 49 L. Ed. 231; *Hein v. Liberman, et al.*, 141 N. Y. S. 314; *Lansing Liquidation Corporation v. Heinze*, 184 App. Div. 129, 171 N. Y. S. 738.

For these reasons, the order of the circuit court, from which this appeal was taken, is reversed and said order rescinded and annulled.