CONTINENTAL PURCHASING COMPANY, INC., A CORPO-RATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. FRANCES NORELLI AND ANTHONY NORELLI, DE-FENDANTS-APPELLEES.

Argued October 2, 1945—Decided January 15, 1946.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the plaintiff-appellant, *Allan L. Tumarkin.*

For the defendants appellees, *Joseph C. Cassini.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from an order the effect of which is a restraint of execution. The record comes before us on verified petition and rule to show cause why the Continental Purchasing Company, a judgment creditor, should not be enjoined from having execution and sale of the property of Anthony Norelli. Depositions were taken and after argument the learned judge in the Pleas signed an order making the rule absolute. The holder of the judgment appeals. This state of fact appears from the depositions:

Frances and Anthony Norelli became indebted to the National Furniture Company for certain merchandise which had been sold to them. The claim of the furniture company was assigned to the Continental Purchasing Co. and on January 7th, 1937, the assignee obtained a judgment in a District Court in Essex County. On November 24th, 1942, Norelli filed a petition in bankruptcy in this district and was adjudicated a bankrupt. Notice to the listed creditors was mailed by the referee on December 1st, 1942. The first meeting of creditors was fixed by the referee for December 11th, 1942. Norelli did not list in his schedule of liabilities the judgment owned by the Continental Purchasing Co. He did, however, list the National Furniture Co., the original creditor, but the notice mailed to it was returned "Not Found." A few days later, Norelli having made a further search for outstanding judgments against him in the several District Courts, came across the judgment under consideration. On December 8th, 1942, the bankrupt caused his petition and order and schedule to be amended to include this judgment. The judgment creditor had no notice or knowledge of the bankruptcy. The proof is that Norelli's bankruptcy proceeding did not come to its attention until January, 1945, almost two years after the date of the bankrupt's discharge. Norelli admitted that he did not serve a copy of the order amending

the schedule of his creditors on Continental Purchasing Co. or National Furniture Co. or Mr. Levine or Mr. Segal, attorneys who had at intervals represented the judgment holder. The file from the Bankruptcy Court contained nothing to indicate that notice of the amendment of the bankrupt's schedule was mailed to Continental Purchasing Co. or to anyone for it. The amended schedule showed that the bankrupt listed this debt by naming the creditor and the amount and date of the judgment. Instead of stating the creditor's address the name of Mr. Levine, its attorney in 1936, with his business address, was given. The testimony for the judgment creditor was that Mr. Levine, who from time to time handled litigation for it, did not bring the matter to its attention; that at the time of the bankruptcy he was not the company's attorney; that the suit in the District Court in the name of Continental showed that it was the assignee of the original creditor and that Norelli was informed of that fact both before and after judgment. It also appeared that Mr. Cassini, counsel for the bankrupt, telephoned to Mr. Levine, when the schedule was amended, to find out if he represented the Continental Purchasing Co. Mr. Levine answered in the affirmative and further said that if there was any matter "to take up with Continental Purchasing Co. to take it up with him." Mr. Cassini did not advise Mr. Levine of the pending bankruptcy proceeding of Norelli. Subsequent to the bankruptcy, the discharged bankrupt purchased some real estate in Essex County. On April 16th, 1945, Continental Purchasing Co. issued an execution against this property to satisfy its judgment. On this state of the proof the learned judge of the Essex County Court of Common Pleas restrained execution. This, we think, was error.

The Bankruptcy Act (title XI, section 35, *U. S. C. A.*) provides that a discharge in bankruptcy releases a bankrupt from all provable debts except such as * * * (3rd) "have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy;".

It is conceded that notice had not been sent this creditor direct. And the proof is that it had no actual knowledge of the proceedings in bankruptcy. The schedule was amended to include this creditor and the name of Herbert Levine, an attorney, was listed as the person to whom notice should be sent.

The important question in this case is whether the debt in question was "duly scheduled" as is required by the federal statute, *supra;* if it was then it was released by the discharge in bankruptcy, otherwise not. The cases on the question—too many to cite—have passed upon a great variety of fact and circumstance as to what constitutes due scheduling. Many of those cases may be found in *U. S. C. A., Title Bankruptcy, pp.* 191-199, § 35, *notes* 141 to 155. From these cases the holdings of which are not all in accord, particularly those from the several states, we gather that there must be a substantial compliance with the provisions of the act in these essentials: that the debt must be set out in time for proof and allowance; that the correct name of the creditor must be stated, if it is known, together with his correct address, if it is known, and if not known that fact should be stated.

In the instant case the bankrupt debtor had knowledge that the original claim had been assigned to Continental. Norelli had been so informed by the creditor's office manager. In these circumstances, it has been held that the debtor must use due diligence to list the assignee's name and address in the schedule. *Lansing Liquidation Corp.* v. *Heinze,* 171 *N. Y. Supp.* 738; 184 *App. Div.* 129. Further: Norelli inspected the judgment in the court record. The fact of assignment appeared in the state of demand as well as the name of the creditor's attorney, Mr. Segal. It seems that Mr. Levine was substituted for Mr. Segal before judgment. Whether that was a matter of record is not clear but, assuming that it was, when counsel for the bankrupt telephoned Mr. Levine he did not inform him of the Norelli bankruptcy proceeding. And for the creditor the proof shows—and it was not controverted—that the creditor was not advised by Mr. Levine that any notice of the bankruptcy proceeding was

served on him. The address of the creditor was not unknown. It was listed in the city director as well as in that of the telephone company, yet its address was not stated in the bankrupt schedule but rather the address and name of its attorney. Under these circumstances, it has been held that the debt is not released. See *in re Quackenbush*, 122 *App. Div.* 456; 106 *N. Y. S.* 773; *Murphy* v. *Blumenreich*, 123 *App. Div.* 645; 108 *N. Y. S.* 175; *Hein* v. *Liberman*, 141 *Id.* 314.

A creditor who would avoid the effect of a discharge in bankruptcy on the ground that the debt was not duly scheduled has the burden of showing he had no notice or knowledge of the procedeing or that the debtor failed to state in the schedule the creditor's correct name and address, if known or readily discoverable. The debtor who fails in any of these requirements must, to excuse the failure, show that the creditor had notice or actual knowledge of the proceeding. *Cf. Hill* v. *Smith*, 260 *U. S.* 592; affirming *Smith* v. *Hill*, 232 *Mass.* 188. On this issue the creditor, in our view, proved it had neither notice nor actual knowledge.

Assuming that Mr. Levine was notified by mail—and there is no proof that he was—notice to him does not charge the creditor with notice or knowledge of the bankruptcy because at that time the attorney was not acting for the creditor. *Vidal* v. *Jandorf*, 212 *N. Y. S.* 548. As a matter of fact, he was not the creditor's attorney on any matter at that time and there was no agency relationship between the creditor and him. We conclude that the debtor has not duly scheduled the debt and that as to it the discharge in bankruptcy is ineffectual.

If a creditor is to be deprived of his property due process requires that he have notice or actual knowledge that a proceeding to wipe out a debt in whole or in part is under way so he may be heard or have an opportunity to be heard. This the creditor in this case did not have.

The order is reversed, with costs.