Submitted September 30, reversed November 4, 1959
STATE ex rel NILSEN v. BEAN
346 P. 2d 652

Robert Y. Thornton, Attorney General, H. J. Belton Hamilton and Thomas N. Trotta, Assistant Attorneys General, Salem, for appellant.

No appearance for respondent.

## SLOAN, J.

The trial court entered an order discharging a judgment held by the state against the defendant. The order which discharged the judgment was based upon the defendant's prior discharge in bankruptcy. ORS 18.420. The state appeals. The facts are stipulated. The only question we must decide is the effectiveness of the discharge in bankruptcy to extinguish the state's judgment. ORS 18.420 provides:

"Any person discharged from his debts pursuant to the federal bankruptcy laws may file in

any court or tribunal in which a judgment has at any time been rendered or a transcript thereof filed against him, either before or after such discharge, a motion in the suit, action or proceeding for the discharge of the judgment from the record. If it appears to the court that he has been discharged from the payment of the judgment or the claim upon which the judgment was based, the court shall order that the judgment be discharged and satisfied of record, and thereupon the clerk of the court shall enter a satisfaction thereof; * * * ."

The chronology of events is decisive. Prior to April 20, 1956, one Richard Wright was employed by defendant. On the date that the employment terminated, April 20, 1956, unpaid wages in the amount of $277 were due to Wright from defendant. The wages were not paid. On May 5, 1956, Wright made a written assignment of the unpaid claim for wages to the Commissioner of the Oregon Bureau of Labor in the manner prescribed by ORS 652.330 (2).[1] On or about May 20, 1956, the commissioner gave the defendant notice in writing of the assignment and made demand for payment. ORS 652.350.[2] July 24,

---

[1] Take assignments of wage claims in trust for the assigning employes. All such assignments shall run to the commissioner and his successors in office. The commissioner may sue employers on wage claims thus assigned with the benefits and subject to existing laws applying to actions by employes for collection of wages. He is entitled to recover, in addition to other costs, such sum as the court or judge may adjudge reasonable as attorney's fees. He may join in a single proceeding and in one cause of action any number of wage claims against the same employer. If the commissioner does not prevail in such action, he shall pay all costs and disbursements of the prevailing party from the moneys in the Bureau of Labor Account deposited pursuant to ORS 652.390.

[2] Upon being informed of a wage claim against an employer or former employer, the commissioner shall, if such claim appears to be just, immediately notify the employer or former employer, of such claim by mail. If the employer or former employer, fails to pay the claim or make satisfactory explanation to the commissioner of his failure to do so, within 30 days thereafter, the employer or former employer shall be liable to a penalty of 10 percent of that portion of the claim found to be justly due. The commissioner shall have a cause of action against the employer or former employer for the recovery of such penalty, and the same may be included in any subsequent action by the commissioner on said wage claim, or may be exercised separately after adjustment of such wage claim without court action.

1956, the defendant filed his voluntary petition in the Federal Bankruptcy Court to be adjudged a bankrupt and was so adjudged on that day. After May 20, 1956, and before July 24, 1956, the commissioner had caused two additional notices of the commissioner's claim for the wages to be served on the defendant. In the schedule of creditors filed by defendant in the bankruptcy proceedings he listed Wright as a creditor but not the commissioner. Wright received notice of the bankruptcy but did not notify the commissioner. The commissioner never received any written notice of the bankruptcy proceedings until after the defendant was discharged in bankruptcy.

On August 5, 1956, the commissioner, in the name of the state of Oregon as plaintiff (ORS 652.370(2)), filed action against the defendant on the Wright wage claim in the circuit court for Douglas county. Defendant was personally served with summons in Douglas county on the same day. The defendant made no appearance in response to the summons and default judgment in favor of the state of Oregon for the wages, penalty and attorney's fees prayed for in the complaint was entered on August 21, 1956.

The defendant received a general discharge in bankruptcy on November 15, 1956. The commissioner, still with no knowledge of the bankruptcy, levied execution and garnisheed defendant's employer on August 15, 1958. The defendant responded to this with the present proceedings to have the judgment discharged as provided by ORS 18.420, already cited. The trial court allowed the order of discharge and the state now appeals from that order.

■ The Bankruptcy Act, § 17a (3); 11 USCA § 35a, (3), excepts from the operation of the discharge all provable debts which "* * * have not been duly

scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." Section 7a (8) of the Bankruptcy Act, 11 USCA 25a (8) requires the bankrupt to include in his schedule of creditors "* * * a list of all of his creditors, including all persons asserting contingent, unliquidated or disputed claims * * * ." It has been consistently and uniformly held that:

"The return of the sheriff upon the summons herein dissipates defendants' right to ignore the entry of judgment herein in making their bankruptcy schedules on the ground that they were not aware of the rendition of such judgment.

"In order to secure a discharge in bankruptcy from liability upon a judgment based upon an assigned chose in action, the bankrupt must either list the claim in the name of the judgment creditor or show that the judgment creditor had knowledge of the pendency of the bankruptcy proceeding in time to permit him to prove his claim therein. Black on Bankruptcy, (4th Ed.) 1524, § 1210; *In re Osofsky, et al.,* 50 Fed. 2d 241; *Columbia Bank v. Birkett,* 174 N. Y. 112, 66 N. E. 652, 102 Am. St. Rep. 478, affirmed in 195 U. S. 345, 25 S. Ct. 38, 49 L. Ed. 231; *Hein v. Liberman,* et al., 141 N. Y. S. 314; *Lansing Liquidation Corporation v. Heinze,* 184 App. Div. 129, 171 N. Y. S. 738." *Liquidators v. Van Bruggen, et al.,* 167 Or 212, 217, 116 P2d 809.

See also 1 Collier on Bankruptcy (14th ed) § 17.23 et seq., p. 1625; 2 Remington on Bankruptcy, § 574.

The defendant has made no appearance here, but in the trial court he prevailed upon the argument that in the circumstances of this case the commissioner was merely an agent or conduit for the collection and payment of the proceeds of the claim to

Wright; that Wright remained the real party in interest; that notice to Wright was the equivalent of knowledge to Wright's agent, the commissioner. No authority was cited either by the defendant or by the trial court to sustain this theory.

■■ Whatever may be the exact legal status of the commissioner when acting pursuant to ORS 652.310 to 652.410, we need not now decide. The judgment entered in the action against the defendant established that the assignment was made; that the assignment carried with it the right to file the action as the real party in interest, to obtain the judgment and to satisfy the judgment when entered, and thereby extinguish the claim and the right of all persons having any legal or beneficial ownership in the claim. The judgment establishes every fact necessary to sustain it. *Butler v. Maas,* 163 Or 201, 94 P2d 1116. It must follow that the commissioner was a creditor, as defined by 11 USCA § 1 (11) and entitled to notice. By that section, a creditor includes "anyone who owns a debt, demand, or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy;" *Nathanson v. National Labor Relations Board,* 344 US 25, 97 L ed 23, 73 S Ct 80, and *National Labor Relations Board v. Killoren,* (8th cir) 122 F2d 609, 137 ALR 510, support our view that the commissioner was a creditor and entitled to receive notice. The commissioner was not included in the schedule as a creditor and did not receive notice.

It was stipulated that the commissioner had no actual knowledge of the bankruptcy. Section 17a (3) of the Bankruptcy Act, supra, requires, "notice. or *actual* knowledge" [italics supplied], not constructive knowledge.

On the other hand, the defendant had actual knowledge that the commissioner had made demand against him for payment of the claim to the commissioner. If that was not enough to satisfy the defendant that the commissioner was a creditor, the filing of the action with the state of Oregon as plaintiff and service of summons upon him should have left no doubt. This occurred only 12 days after the filing of the voluntary petition and when there remained about six months in which he could have filed an amended schedule. 6 Am Jur, Bankruptcy, § 386, 779. No reason is given for the failure of the defendant to seek a stay of the action against him and to have the claim determined in the bankruptcy court where it belonged. That court afforded him the real forum to test the right of the commissioner to enforce the claim. See 1 Collier on Bankruptcy, (14th ed) § 11.02 et seq., p 1136. Instead, he apparently chose to rely on his own determination that the commissioner was not a creditor even in the face of the knowledge on his part that the commissioner was seeking court action to compel payment of the claim. We have already mentioned that he was required to include every claim known to him in his schedule of creditors, 11 USCA 25a 8, supra, and this he failed to do. *"It is immaterial whether the faulty scheduling was innocent, fraudulent or careless; the fact and not the intent controls."* 1 Collier on Bankruptcy, (14th ed) n 3, § 17, p 1626.

■■ The commissioner was a creditor; his claim was not scheduled as required, and he received no notice nor had he actual knowledge. The requirement of notice in the bankruptcy act is the only due process afforded to creditors and is the only means by which the bankruptcy court may thereby adjudicate credi-

tors' rights. The cases we have cited reflect the zeal with which the courts have guarded the requirement of notice. The debtor seeking the advantage of a discharge of his debts must accept the peril of the failure to schedule and notify a known creditor. *Liquidators v. Van Bruggen,* supra.

The order appealed from is reversed and the judgment reinstated.