**In re JAL GAS COMPANY, a New Mexico corporation, Debtor.**

**Bankruptcy No. 11–84–00548 MR.**

United States Bankruptcy Court, D. New Mexico.

Nov. 1, 1984.

Louis Puccini, Jr., Albuquerque, N.M., Paul J. Kelly, Jr., Santa Fe, N.M., for alleged debtor.

Gary R. Kilpatric and Thomas W. Olson, Santa Fe, N.M., for El Paso Natural Gas.

Marilyn O'Leary and James C. Martin, Santa Fe, N.M., for NM Public Service Comm.

Jennie Deden Behles, Albuquerque, N.M., for Concerned Citizens of Jal.

Claydean Elkins, Chairperson Consumers' Committee.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the motion of the debtor and Order of this Court to show cause why the Public Service Commission (PSC) should not be held in contempt of Court for violation of the automatic stay pursuant to 11 U.S.C. § 362. PSC issued an Order to Show Cause to the Jal Gas Company for allegedly violating the commission's orders to pass refunds through to Jal's ratepayers and for charging excessive fees. Jal Gas Company moved this Court to issue an order to show cause as to why PSC should not be held in contempt of court for issuing the order to show cause to Jal Gas Company, in violation of the automatic stay. Jal Gas Company was present at the hearing by its counsel, Louis Puccini, Jr. James C. Martin appeared as counsel for PSC, Edward Myer appeared as counsel for the Concerned Citizens of Jal, New Mexico, and Gary Kilpatrick appeared for El Paso Natural Gas (EPNG).

EPNG is the sole gas supplier for Jal Gas Company. Over the years, Jal Gas Company has diverted funds collected from its ratepayers, rather than pay EPNG for the purchase price of the gas. As of December 31, 1982, Jal Gas Company owed $519,181.00 to EPNG.

On at least three occasions since 1977, EPNG was ordered by the Federal Energy Regulatory Commission to refund to its customers money overcollected for gas costs. The refunds due to Jal Gas Company from EPNG amounted to $120,851.00. This money was to be refunded to customers from the distribution companies, including Jal Gas Company. However, this is not what happened. Jal Gas Company was required by EPNG to endorse the check to be applied against the outstanding balance on Jal's account with EPNG. EPNG credited these refunds against the amount owed by Jal to reduce the amount owed to EPNG. Therefore, that amount of money is still owed to the ratepayers because they had paid for the gas. PSC ordered that this amount should be paid back to the ratepayers at an interest rate of 15%.

PSC decided that the way this refund should be paid to the customers was first to determine the gas rate to be paid by the

customers, and then crediting the customers with a refund factor to their monthly bill until all refunds were completely repaid to the customers, with interest. This refund factor effectively reduced the monthly bill of the ratepayers in order to reimburse them for the overpayment made. The Order of PSC to make the refunds in this manner began on November 15, 1983. Jal Gas Company complied with this Order as evidenced by monthly reports to PSC until June 1984. At that time, the involuntary bankruptcy petition in this case was filed. Jal Gas Company's motion to dismiss the involuntary petition is currently before the Court.

The question before the Court is whether the $120,851.00 is a pre-petition debt or whether the lowering of the gas rate to reimburse the customers for this overpayment is a rate setting function of the PSC. This is an important distinction because if it is a pre-petition debt, the automatic stay is applicable, yet if it is merely an adjustment of the gas rate, then it is exclusively a function of PSC and the Court will not interfere. In determining whether the $120,851.00 is a pre-petition debt that PSC is attempting to make Jal Gas Company pay, which is in violation of 11 U.S.C. § 362, it is helpful to fall back on the general provisions of 11 U.S.C. § 101 which defines who may be a creditor, and what a claim is. 11 U.S.C. § 101(9)(A) defines a creditor to mean an "[e]ntity that has a claim against the debtor that arose at the time or before the order for relief concerning the debtor."

A claim is defined to mean a "[r]ight to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; ..." 11 U.S.C. 101(4)(A).

In *Nathanson v. NLRB*, 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952), the United States Supreme Court held that the National Labor Relations Board was a creditor of the debtor in the amount of a backpay award entered on behalf of injured employ-ees. The Nathanson Court reasoned as follows:

> The Board is the public agent chosen by Congress to enforce the National Labor Relations Act ... A backpay order is a reparation order designed to vindicate the public policy of this statute by making the employees whole for losses suffered on account of an unfair labor practice ... Congress has made the Board the only party entitled to enforce the act. A backpay order is a command to pay an amount owed the Board as agent for the injured employees. The Board is therefore claimant in the amount of the backpay. *In re Richard W.T. Smith* [39 B.R. 690], 11 B.C.D. 1361 (N.D.Ill.1984).

In this case, PSC is a public agent chosen by the New Mexico Legislature to enforce the Public Utility Act. The Order of PSC that Jal Gas Company reimburse its customers for the overpayment for gas services is an order designed to vindicate the public policy of the statute by making the consumers whole for losses suffered on account of their being overcharged for gas. PSC testified that no individual customers would have standing to enforce their right to repayment, thus, the PSC is the only party entitled to enforce the Public Utilities Act. The PSC would therefore be a claimant in the bankruptcy estate.

The bankruptcy definition of a claim is broad. For a claim to come within the jurisdiction of the Court it merely has to be a "right to payment." The money at issue in this case is a right to payment by Jal Gas Company to its gas users which is being administered by the PSC.

The PSC accomplished this by determining the rate to be charged the customers for gas service and cost. Included in this figure was the reasonable profit calculated by the PSC for Jal Gas Company. This procedure is provided for in N.M.S.A. 1978 § 62-3-1 et seq. Next, the PSC determined the amount of refund due the customers, with interest at 15% added. The amortization period of 46 months was chosen. Based on the refund and interest figure of $159,640.86, the PSC computed

that $3,470.46 was to be amortized monthly. Based on this, the PSC determined a credit factor which was to be deducted for each unit of gas supplied to the customers of Jal Gas Company. This evidence was presented to the Court in the Order of the New Mexico Public Service Commission, Exhibit B.

▮ Because the PSC has standing as a claimant in this bankruptcy case, their actions to force Jal Gas Company to repay the customers for this claim is merely a self-help remedy on the part of a creditor. This self-help remedy is expressly prohibited by 11 U.S.C. § 362, which states:

A petition filed ... operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, *administrative or other proceedings* against the debtor; ...
(6) any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title.

PSC calls their function in this matter "ratemaking". However, the label used by the agency is not determinative. *See generally, In re Erlin Manor Nursing Home, Inc.,* 36 B.R. 672 (D.Mass.1984).

PSC argues that the automatic stay provision of 11 U.S.C. § 362 is not applicable to them because they are performing a ratemaking function as a governmental unit to enforce that unit's police or regulatory power pursuant to 11 U.S.C. § 362(b)(4) which states:

"The filing of the petition ... does not operate as a stay—...,
(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;
(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

Governmental units may be allowed to obtain money judgments, in pursuit of their police power if they are otherwise empowered to do so, but they are forced to wait in line like all other creditors to get the judgment enforced. *See generally, People of the State of Illinois v. Electrical Utilities, et al.,* 41 B.R. 874 (N.D.Ill.1984). There is no doubt that the Public Service Commission is authorized to set rates for the gas companies within the State of New Mexico, pursuant to the Public Utilities Act. Section 62–3–1 et seq. N.M.S.A.1978. However, the Public Service Commission is an administrative body created by statute and must therefore find its authority and jurisdiction conferred upon it either expressly or by necessary implication from the same statutory authority. *New Mexico Electric Service Company v. New Mexico Public Service Commission,* 81 N.M. 683, 472 P.2d 648 (1970).

Regardless of what PSC calls their administrative function in this matter, courts have consistently distinguished governmental actions which attempt to obtain a pecuniary advantage from those which attempt to further the public welfare. The PSC is also attempting to preempt the United States Bankruptcy Code by forcing Jal Gas Company to pay a prepetition debt in a manner preferential to all of the other prepetition creditors of Jal Gas Company. This is expressly forbidden by the Code and thus the Commissioners of the Public Service Commission of the State of New Mexico are in violation of the automatic stay provisions of 11 U.S.C. § 362.

Therefore, this Court finds that a permanent injunction against PSC, enjoining them from any further action against Jal Gas Company or its officers or shareholders with respect to the refund, should issue.

This Court previously ordered Jal Gas Company to place all funds representing the refunds in escrow. Because Jal Gas Company is currently before this Court to have the involuntary petition dismissed, the funds representing the monthly refunds should continue to be put in escrow, as

previously ordered by this Court. If the involuntary petition is dismissed, this fund of money will be available to be refunded to the customers of Jal Gas Company as ordered by PSC. This procedure will protect the interests of PSC should the involuntary petition be dismissed.

This opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.