### In re AMERICAN SPECIALTY CO.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

No. 114.

1. BANKRUPTCY (§ 314*)—PROVABLE CLAIMS.

It is no objection to the allowance of a claim against a bankrupt corporation for money lent that it passed through several hands, where claimant furnished the money with the intention that it should be a loan to the corporation, and the latter received and used it as such.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 314\*)—PROVABLE CLAIMS—EFFECT OF ASSIGNMENT.

An assignee of a claim against a bankrupt as the legal owner may prove the same and collect all dividends thereon, although the assignment was intended as collateral security only.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.\*]

3. BANKRUPTCY (§ 314\*)—PROVABLE CLAIMS.

The fact that money lent to a bankrupt was not the property of the lender, but belonged to her minor children, did not affect her right to prove a claim therefor against the bankrupt estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.\*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the American Specialty Company, bankrupt. Roberta. Wilson appeals from an order disallowing a claim in part. Reversed.

This cause comes here upon appeal from an order disallowing (in part) a claim filed by Roberta Wilson. The same claim was originally filed by Ada Johnson; but having assigned it, before allowance, to the appellant, the original claim was withdrawn and a new one filed within the year by Roberta Wilson. The claim is for several items of money advanced to the bankrupt and money expended for its benefit.

D. Fultz (Murphy & Fultz, on the brief), for appellant.

Thompson & Fuller (Seymour K. Fuller, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The referee disallowed the first five items of the .claim, principally for the reason that the advances in question were made before the American Specialty Company became a corporation. It was difficult to make out from the record what was the date of incorporation, but, upon our suggestion that the record might be sent back to have that date ascertained, the appellee's counsel conceded that it was some time in 1903, a time long prior to making of the advances. This disposes of the referee's first ground of objection.

At the hearing below, there was some question whether or not the Roberta Wilson claim was filed within the year. There was conflicting testimony, and the referee held that it was so filed; a decision which there seems no reason to disturb.

The referee also held that an assignment from Mrs. Johnson to Mrs. Wilson was proved, and that it was an absolute assignment of the entire claim. The District Judge stated in a memorandum that, if he had had the question to decide on written evidence, he would have found the claim was never lawfully assigned. But he did not reverse the referee; on the contrary, he confirmed his report, which allowed part of the claim. There was evidence tending to show an assignment of the entire claim, and we accept the conclusion of the referee on this point.

[1] One item, known as "Exhibit F," $1,300, the referee disallowed, for the reason that the money was transferred from Mrs. John-

son's broker to her husband's broker, and appeared to be a loan to her husband. The evidence shows that she owned some stock, which her broker transferred to another broker, who sold the same and gave the money to Mr. Johnson, who put it in the treasury of the company; a check of the company for $1,300 being drawn to Mrs. Johnson's order, and delivered to her, which check she never cashed, being asked to wait till the company was in funds. Johnson owned substantially all the stock of the company, and the evidence shows that Mrs. Johnson intended to loan the proceeds of her stock to the corporation. That such proceeds reached its treasury through several hands is not material. The loan was made to the company, not to her husband. This item should be allowed.

[2] It was disputed upon the argument whether the assignment was of the whole claim absolutely, or whether it was given merely to secure a loan of $700 made by Mrs. Wilson. At the time assignment was made Mrs. Johnson believed that the dividend upon the whole claim would amount to about $700. Whether the assignment was as collateral security or not is immaterial. In either event claimant holds the legal title and may collect all dividends, even though eventually she may have to account to Mrs. Johnson for whatever she receives in excess of $700 and interest.

The fifth item, which is a loan of $1,000, was disallowed by the referee, solely upon the theory that the money belonged to Mrs. Johnson's minor children. This is an error. The proof shows that this particular sum of $1,000 did not come out of the children's property. The fifth item should be allowed.

[3] This objection of the referee really applies to the second item, $2,000, for rent paid for bankrupt's premises. This money was raised by the sale of two bonds which were the property of her minor children, or in which they had some interest. The referee's conclusion, however, that this claim for $2,000 is in favor of the children or their guardian, if they are minors, and not in favor of Mrs. Johnson, is unsound. The validity of her claim against the bankrupt is in no way affected by the circumstance that she got the money which she advanced out of the property of her children. The children may or may not be able to follow the proceeds of their bonds, or they may have a good claim against their mother for the amount taken from their estate, but with any controversy between them the trustee of the bankrupt has no concern. The circumstance that there may be some such controversy between mother and children is no reason why by rejection of this item the money which belongs rightfully either to mother or children should be divided among the other creditors of the bankrupt. Mrs. Johnson advanced the money, and was the legal owner of the claim that it be repaid, and that legal ownership passed by the assignment to Mrs. Wilson. The referee should have allowed this second item.

The order is reversed, and cause remanded, with instructions to enter an order in conformity with the views above expressed.