CONSTANT D. VITAL, Plaintiff, *v.* MOSES JANDORF and Another, Defendants.

Supreme Court, New York County, November 20, 1925.

**Bankruptcy — notice to creditors — notice to attorney for creditor not sufficient under Bankruptcy Act, § 17 — claim not barred by discharge.**

Notice or actual knowledge to a creditor of the proceedings in bankruptcy, within the meaning of section 17 of the Bankruptcy Act, is not effected by the bankrupt's attorney telling the attorney for the creditor, employed in a State court action, that the bankrupt had filed a petition, and suggesting that said creditor file a proof of claim, where the attorney for said creditor was without authority to represent him in the bankruptcy proceedings. Accordingly said creditor's claim is not barred by the discharge of the bankrupt.

MOTION by defendant, Alfred Ginsberg, to set aside the verdict of the jury and for a dismissal of the complaint on the ground that the claim upon which the verdict was rendered was barred by reason of the said defendant's discharge in ·bankruptcy.

*Bigham, Englar & Jones,* for the plaintiff.

*Joseph Dannenberg,* for the defendant Ginsberg.

GIBBS, J.   The action was commenced on the 14th day of October, 1918, and originally tried on the 22d day of November, 1922, resulting in a dismissal of the complaint.   Judgment was entered by the defendants for costs.   Plaintiff appealed and in October, 1924, the judgment of dismissal was reversed and a new trial ordered.   On September 22, 1923, defendant Ginsberg filed a petition in bankruptcy in the United States District Court.   Among his assets he listed the judgment for costs entered against plaintiff in this action. He did not, however, list plaintiff's claim among his obligations. He now asserts that his attorney informed plaintiff's former attorney that the bankruptcy petition had been filed and suggested that he file a proof of claim in behalf of plaintiff.   Defendant was discharged from bankruptcy on December 28, 1923, ten months before the judgment of dismissal was reversed and a new trial ordered.

Section 17 of the Bankruptcy Act (30 U. S. Stat. at Large, 550, as amd. by 42 id. 354) provides among other things that a discharge shall relieve a bankrupt from all his provable debts except such as have not been duly scheduled in time for proof and allowance with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.

It is conceded that plaintiff's claim was not " duly scheduled."

Whether it was a " provable debt " during the time the bankruptcy proceedings were pending is a debatable question.    Assuming that it was a " provable debt " there remains the important issue as to whether plaintiff had notice or actual knowledge of the proceedings in bankruptcy.   The only evidence offered as to notice or actual knowledge on the part of the plaintiff was the testimony heretofore referred to, to the effect that defendant's attorney advised the counsel for plaintiff in charge of this action of the bankruptcy proceeding.   The matter then presents this issue:  Was notice to plaintiff's attorney notice to plaintiff as a creditor of the bankrupt?   While as a general proposition a principal may be charged with notice given his agent, the rule that notice to an attorney for a creditor is notice to his client applies only where the knowledge of the attorney is acquired while acting for the client and the information relates to a matter within the scope of his agency.    (3 R. C. L. 337; *Strickland* v. *Capital City Mills*, 74 S. C. 16;  7 L. R. A. [N. S.] 426.)

In the latter case a judgment obtained after trial was set aside and the claim restored to its original status on the appeal.    Defendant filed a petition in bankruptcy.   Plaintiff's claim was omitted from the schedules and no notice was served upon him nor had he actual knowledge of the proceedings until after the bankrupt's discharge.    It appears that the attorney who represented plaintiff in the action was informed of the bankruptcy proceedings and was present at the first meeting of creditors, not in a representative capacity, but as a spectator.   He was never authorized to represent plaintiff in these proceedings.   The learned justice, writing for the court, said: " Then it remains to consider whether an attorney employed to represent the creditor in a suit on a claim in the state court, by virtue of that relation, so represents the creditor with respect to that claim as that notice to him of the bankruptcy proceedings is notice to a duly authorized attorney in the sense of the bankruptcy statute so as to bind the creditor.   We think not.   Ordinarily the authority of the attorney ends when judgment is obtained and he can do no more than receive the money and acknowledge satisfaction.    *Treasurers* v. *M'Dowell*, 1 Hill, 184. He cannot, after judgment, without special authority, compromise his client's claim and enter into composition with the judgment debtor.   Tompkins' employment to represent Strickland in the appeal taken by the defendant company authorized him to do anything necessary or incidental to the conduct of said appeal in the state court, but such employment gave Tompkins no authority to represent Strickland in the bankruptcy proceedings in the Federal Court.   There is no doubt that the general rule is that notice to

the attorney is notice to the client, but the knowledge of the attorney must be acquired while acting for the principal, and the information must relate to a matter within the scope of his agency, the theory of the law being that the agent is presumed to have communicated to his principal knowledge which it was his duty to have communicated and which it is reasonable to suppose he did actually communicate." (Citations.)

In the case at bar there is not a scintilla of evidence from which an inference can be drawn that plaintiff's former attorney was authorized to represent him in the bankruptcy proceedings. It cannot be said that his duty to his client in the litigation pending in this court charged him with a duty to inform plaintiff of the bankruptcy proceedings. An attorney cannot represent a creditor in bankruptcy proceedings unless he is duly authorized to do so. (See Gen. Order in Bankruptcy, No. 4.) I conclude, therefore, that plaintiff had neither notice nor actual knowledge of the bankruptcy proceedings, and that his claim was not barred by the discharge of the defendant Ginsberg from bankruptcy. Under the circumstances the finding of the jury will not be disturbed. Motion for order setting aside the verdict and for dismissal of the complaint denied. Submit order.