(No. 5607.   April 8, 1931.)

INTERSTATE CREDIT LEAGUE, a Corporation, Respondent, v. R. W. WIDDISON, Appellant.

[297 Pac. 1106.]

W. A. Ricks, for Appellant.

Lewis A. Lee, for Respondent.

LEE, C. J.—Plaintiff and respondent, Interstate Credit League, a duly licensed collection agency, sued defendant and appellant, R. W. Widdison, to collect certain notes which, it declared, had by one M. C. Metz, been "sold, assigned and delivered to the plaintiff for collection." Defendant and appellant denied that plaintiff was the legal owner and holder of the notes, alleged that on January 14, 1927, the U. S. District Court for the District of Idaho had "made and granted to the defendant a decree of discharge from his debts as a bankrupt," and that M. C. Metz "had actual notice that defendant was adjudicated a bankrupt on the day of adjudication and in sufficient time to file a claim against the defendant's estate." Appellant sought to prove that respondent, in violation of C. S., sec. 8192, as amended by chap. 52, Laws of 1927, had purchased these notes from Metz with the purpose of bringing suit thereon. At the conclusion of the evidence, both parties having moved for a directed verdict, the court took the case from the jury and thereafter entered findings and judgment in favor of respondent. From that judgment, Widdison has appealed.

Effectually disposing of his first contention, the court, upon abundant evidence, found that "the plaintiff has not violated the provisions of section 8192 of the Idaho Compiled Statutes, as amended by Chapter 52 of the Idaho Session Laws for 1927, but that said notes were assigned to the plaintiff for collection."

It is conceded that neither the notes nor the name of Metz, the true owner, were ever included in the bankrupt schedules. Appellant relies, however, upon that part of

section 17 of the Bankruptcy Act which provides that there shall in such instance be no discharge, unless the creditor had "notice or actual knowledge of the proceedings in bankruptcy." He testified that four or five days after the adjudication he called upon one C. J. Taylor, then in possession of the notes, as Metz's attorney, and informed him of the bankruptcy proceedings. The latter did not deny the alleged conversation but swore he had no recollection of it. The court made no finding as to what was actually said or as to Taylor's having been apprised of the bankruptcy proceedings, but found that he "had no such notice of said bankruptcy proceedings as would be imputable to said M. C. Metz."

Conceding, for the sake of argument, that appellant did tell Metz's attorney just what he said he did, we are at once compelled to determine whether or not this imputed notice to Metz was the notice or knowledge required by the statute. Discussing this very question, it was said in *Wheeler v. Newton*, 168 App. Div. 762, 154 N. Y. Supp. 431, affirmed by the court of appeals in 220 N. Y. 607, 115 N. E. 1053:

"'The statute requires that the plaintiff should have 'had notice or actual knowledge,' and the rule is well settled that where a statute requires notice to be given, and there is nothing in the context of the statute, or in the circumstances of the case, to show that any other notice was intended, a personal notice must always be given. *Beakes v. Da Cuncha*, 126 N. Y. 293, 297, 27 N. E. 251. It must follow, therefore, that when the statute here under consideration required 'notice or actual knowledge,' it contemplated a personal notice, or 'knowledge of the proceedings in bankruptcy' equivalent to such personal notice. In other words, that great underlying principle of our law, that no one shall be deprived of his property without due process of law, is present in this statute, and it requires such personal notice of the proceedings, or actual knowledge equivalent to such personal notice, as would be required in any court where it was proposed to deprive a man of his property."

This principle had already been announced in *Strickland v. Capital City Mills,* 74 S. C. 16, 54 S. E. 220, 7 L. R. A., N. S., 426, where the court said:

"But, furthermore, we construe the provision in the act under consideration as including only cases where there was personal notice or actual knowledge of the bankruptcy proceedings on the part of the creditor, as distinguished from mere imputed or constructive notice or knowledge."

That case laid down the further rule that notice of the pendency of bankruptcy proceedings to an attorney who is employed to prosecute a claim against the bankrupt in the state courts is not notice to a duly authorized attorney, within the meaning of the bankruptcy law, so as to bind the creditor by the bankruptcy proceedings in which his claim was not scheduled, where the attorney has no authority to represent the creditor in the bankruptcy proceedings. And this rule was followed and the court's language quoted in *Vital v. Jandorf,* 126 Misc. Rep. 124, 212 N. Y. Supp. 548. The last word we have found as to the construction of the words, "notice," and "actual knowledge" as used in the statute is *Lynch v. McKee,* (Tex. Civ. App.) 214 S. W. 484, rendered in 1919 and citing *Strickland v. Capital City Mills, supra.* With these authorities, we are content.

Judgment affirmed; costs to respondent.

Budge, Givens, Varian and McNaughton, JJ., concur.