[Civ. No. 9774.   Second Appellate District, Division One.—November 12, 1935.]

FREDERICK RAY, Respondent, v. AL. SCHUBACH, Defendant; W. J. PATTERSON, Appellant.

George Acret for Appellant.

F. E. Allen for Respondent.

EDMONDS, J., *pro tem.*—Action upon a promissory note. The maker pleaded as defenses the statute of limitations and also his former adjudication as a bankrupt. Plaintiff had judgment upon findings reciting, among other things, that appellant was adjudicated a bankrupt in May, 1927, "and that within one year thereafter he duly and regularly received an order of discharge in said bankruptcy; that said promissory note was not listed in the schedules in said bankruptcy proceedings; . . . that said M. R. Ward, the plaintiff's assignor and the then owner and holder of said promissory note, at Aberdeen, Washington, in the law offices of John C. Hogan, said Patterson's attorney, discussed with said defendant said defendant Patterson's then pending bankruptcy proceedings and said Ward stated at the time to said Patterson that he was sorry that said defendant had been obliged to file in bankruptcy".

Appellant asserts that this finding shows respondent's claim to be barred by reason of appellant's bankruptcy, and the knowledge which the payee of the note had thereof.

The bankruptcy act provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as "(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy". (Sec. 17a.) The court having found that the payee who was then the owner and holder of the note, had actual notice of the bankruptcy proceedings, commenced a number of years after its maturity, there can be no recovery thereon.

Respondent does not challenge the findings as not being supported by the evidence. The judgment is, therefore, reversed, with directions to the trial court to enter judgment for the appellant.

Houser, P. J., and York, J., concurred.