TAYLOR v. C. I. T. CORPORATION.

(Division A. Sept. 25, 1939. Suggestion of Error Overruled Oct. 23, 1939.)

[191 So. 60. No. 33776.]

**A. S. Scott**, of Laurel, for appellant.

Deavours & Hilbun and Beard & Pack, all of Laurel, for appellee.

Argued orally by **A. S. Scott**, for appellant, and by **Sam V. Pack**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

The appellee brought replevin in the county court of Jones County against appellant for the possession of an automobile. A trial in the county court resulted in a judgment for appellant. From that judgment, appellee appealed to the circuit court, where on the record made in the county court the circuit court held that the county court should have directed a verdict for appellee as requested. Judgment was accordingly entered in the circuit court for appellee, from which judgment this appeal is prosecuted.

The circuit judge embodied his findings of fact and conclusions of law in an opinion made a part of the record. We agree with such findings and conclusions and do not think we could do better than to adopt the same as the opinion of this Court:

"Appellant is a finance corporation engaged in financing dealers in automobiles, trucks, etc. Appellee was a dealer in automobiles. The general plan was for the dealer to sell his cars, take conditional sales contracts, which provided for installment payments, title to cars being retained until the cars were fully paid for. These conditional sales contracts were then assigned to appellant, and in return the purchase price was advanced by appellant to the dealer. If the purchaser defaulted in the installment payments and it became necessary to repossess the car, appellee was required to make good, or buy back these repossessed cars.

"Under this plan appellee had incurred a considerable indebtedness to appellant. In the course of business appellee sold a car to one Rutland, taking the usual conditional sales contract. This contract was assigned to appellant in the customary method, but for some reason appellant was not willing to take this contract as a credit risk and passed it back to appellee who carried the contract unaided by appellant. Thereafter a repossessed car, designated as the Ryan car was in the possession of appellant at New Orleans. It was thought the Ryan car could be sold to better advantage if returned to the trade territory of appellee. Accordingly an agreement was entered into between the parties for appellee to take the Ryan car from New Orleans to Hattiesburg. Before appellant would agree to this, however, the conditional sales contract held by appellee on the Rutland car, was delivered to appellant, together with other contracts. On delivery of these contracts, appellant executed and delivered to appellee an acknowledgment of the same which recites:

" 'This will acknowledge receipt of the following contracts (naming them), which are being accepted for collection, it being understood that the net amount realized will be credited to the Central Motor Company when and if collections are made.'

"The Ryan car wrecked en route to Hattiesburg caught fire and burned up. There was a balance due on the Ryan car of $979.64. Appellant undertook collection from the purchaser of the Rutland car, but was unable to collect anything. Appellee later repossessed the Rutland car, but, as stated, appellant held the conditional sales contract for payment. Appellee refused to deliver the car to appellant on demand and the same was replevied. Hence this suit.

"Was the receipt given for the Rutland contract effective to entitle appellant to the possession of the car? I think it should be construed as an assignment for collection, coupled with an interest, and the appellant as collecting assignee. It is akin to the relation of bailee under a contract by which he is to perform certain services. The bailee would be entitled to possession of the chose in action and necessarily the proceeds thereof until his interest has been satisfied.

"It cannot be denied that appellant had an interest in the Rutland contract and it has the right to retain possession of the car until this interest is satisfied.

"Appellant also executed a repossession receipt for this, the Rutland car, which recites:

"Received from C. I. T. Corporation as its property, free from any damage, except as claimed on the reverse hereof, one Willys Deluxe Sedan (describe it) purchaser's name W. E. Rutland and Mrs. W. E. Rutland. Not to be demonstrated without C. I. T.'s written permission.'

" 'When a chose, capable of legal assignment, is assigned absolutely to one, but the assignment is made for the purpose of collection, the legal title thereto vests in the assignee, and it is no concern of the debtor.' 5 C. J. page 958. Section 2853, Miss. Code 1930. Ross-Meehan Brake Shoe Foundry Co. v. Pascagoula Ice Co., 72 Miss. 608, 18 So. 364; Mississippi Cotton Seed Products Co. v. Canal Bank & Trust Company, 172 Miss. 105, 159 So. 404.

"Appellee undertook to show by parol testimony, over objection, that the receipt introduced did not mean what the clear recitals stipulated. This was not permissible. The receipt given by appellant for the Rutland contract is more than a mere receipt. It is contractual in its nature and is protected against being changed or contradicted by parol testimony. Such testimony is inadmissible to vary or change the terms of a written contract. Orgill Bros. v. Polk, 155 Miss. 492, 124 So. 649; Alabama & V. R. Co. v. Kropp, 129 Miss. 616, 92 So. 691, and authorities cited under these cases.

"It will be noted also that the Rutland contract and note bore the endorsement of appellee, and parol testimony is inadmissible to explain or vary an endorsement, and this is true whether the endorsement be full or restrictive. Hawkins v. Shields, 100 Miss. 739, 57 So. 4, 4 A. L. R. 760.

"It is significant that the so-called repossession receipt given by appellee to appellant expresses recognition of appellant's right to the Rutland car. It says: *'Received from C. I. T. Corporation as its property.'* (Emphasis supplied.)

"In the face of this principle of law, appellee was given the two instructions complained of, I do not think they announced the correct rule of law.

"From the foregoing facts, plaintiff was entitled to a directed verdict, and the case is, therefore, reversed and final judgment awarded to appellant."

Affirmed.