[Civ. No. 13900. Second Dist., Div. Two. Mar. 8, 1943.]

## J. D. BLANKINSHIP, Respondent, v. E. B. OAKLEY, Appellant.

M. R. Stansell for Appellant.

Samuel A. Rosenthal and Burton B. Crane for Respondent.

McCOMB, J.—From an order directing that a writ of execution issue pursuant to the provisions of section 685 of the Code of Civil Procedure more than five years after the entry of judgment, defendant appeals.

So far as material here, these are the undisputed facts:

March 26, 1928, plaintiff obtained a judgment against defendant for the sum of $3,188. June 3, 1928, plaintiff caused a writ of execution to be issued, which on June 16, 1931, was returned to the county clerk wholly unsatisfied. October 1, 1929, defendant filed a petition and schedules in bankruptcy in the United States District Court, in which schedules he listed a judgment obtained against him by J. B. Blankenship. In the judgment which plaintiff obtained against defendant, plaintiff's name appeared as J. D. Blankinship. Thereafter defendant was duly adjudicated a bankrupt. Subsequently and before the expiration of the time for filing claims against the bankrupt estate had elapsed plaintiff contacted defendant

and stated that he would be willing to settle the judgment scheduled in the bankruptcy proceedings for $100. March 3, 1930, defendant was by the bankruptcy court discharged from all debts and claims which were provable against his estate. More than five years after the entry of the original judgment plaintiff made a motion pursuant to the provisions of section 685 of the Code of Civil Procedure for the issuance of a writ of execution, which motion was granted July 15, 1942.

▮ This is the sole question necessary for us to determine:

*Did the discharge of defendant in bankruptcy constitute a bar to the present proceeding?*

This question must be answered in the affirmative. Section 17a of the Federal Bankruptcy Act reads in part thus:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as . . . (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." (11 U.S.C.A., sec. 35, subd. 3.)

From the foregoing provision in the Bankruptcy Act, it is clear that, where the creditor has actual notice, as in the instant case, of the pendency of bankruptcy proceedings within time to file his claim against the bankrupt's estate, and he fails to do so, even though his claim has not been duly scheduled by the bankrupt, nevertheless the discharge in bankruptcy releases the debtor from his obligation. (See *Ray* v. *Schuback*, 10 Cal.App.2d 122, 123 [50 P.2d 1073].

For the foregoing reasons the order is reversed with directions to the trial court to enter an order denying plaintiff's motion.

Moore, P. J., concurred.

Wood (W. J.), J.—I concur in the judgment. I am not in accord with the implied holding of the majority opinion that, on the facts stated in the opinion, defendant did not list plaintiff's judgment in the bankruptcy proceedings in such manner as to effectuate a release thereon. Since plaintiff had actual notice of the bankruptcy proceedings the point becomes of slight, if any, importance.

Respondent's petition for a hearing by the Supreme Court was denied May 6, 1943.