O’CONNELL, Justice.
The plaintiff Yoder, appellant here, in May 1955 brought a complaint in tort against defendants, American Aluminum Products, Inc., a Florida corporation, Bankrupt, and Joseph J. Garrison, appellees here.
From the complaint it appears that in 1953 the plaintiff, under a written contract, sold 150 shares of corporate stock of the defendant corporation to the defendant corporation for the sum of $15,000, received $2,000 as part payment and was to receive the remainder from profits of the corporation in semi-annual payments. The defendant Garrison is alleged to have been the President, a director and principal stockholder of the defendant corporation and to have had control thereof.
Plaintiff alleges in his complaint that through the actions of defendant Garrison the corporation’s assets were dissipated, and it was made to appear insolvent; that on January 27, 1954 defendant Garrison caused •the corporation to file a voluntary petition in bankruptcy; that plaintiff was not listed .as a creditor and had no knowledge of the proceedings in bankruptcy; that defendant •Garrison caused the corporate assets to be purchased in his behalf for a fraction of the value thereof and that the corporation has waived and had not obtained a discharge in bankruptcy. He demands compensatory damages in amount of $13,000, punitive damages in amount of $12,000, attorneys’ •fees and costs.
The defendants filed motions to dismiss, which were granted with prejudice, the court saying “ * * * the court being of the opinion that this court is without jurisdiction of this cause * *
The complaint alleged that (1) the debt of the corporate defendant has not been paid; (2) that he was not scheduled as a creditor of the bankrupt; (3) that he received no notice and had no knowledge of the bankruptcy proceedings; (4) the bankrupt has waived and has not received a discharge.
Even if the corporate defendant had received a discharge, the debt due to plaintiff would not have been discharged unless it had been properly scheduled and notice given plaintiff, or the plaintiff had had actual knowledge of the proceedings. Collier on Bankruptcy, 14th ed. Vol. 1, Sections 7.11 and 17.23. The plaintiff therefore had the same right to enforce its claim against the corporate defendant as if there had been no bankruptcy proceedings.
It appears that the subject matter, as well as the corporate defendant, are such as are within the jurisdiction of the court.
As to the defendant Garrison, and the claim against him, the court likewise has jurisdiction of both the subject matter and the parties.
Therefore, while the plaintiff might have a course open to him to reopen the bankruptcy proceedings, and litigate his grievance there, and he might do so to greater avail, we believe that the trial court does have jurisdiction of the parties and the subject matter of the suit. We have not considered and do not rule on the sufficiency of the complaint in this cause.
We, therefore, conclude that the order appealed from should be and is reversed with directions that further proceedings, consistent with the views expressed herein, be had in accordance with law.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.