POPOVICH, J.
 

 In April, 1955, plaintiff, a collection agency, procured a judgment of $444.59 against defendant upon a claim assigned to it for collection by Kyle and Company. Certain executions were issued upon this judgment and were returned unsatisfied.
 

 In November, 1957, defendant was adjudicated a bankrupt. Defendant failed to list plaintiff as a creditor in his bankruptcy schedule and no notice was mailed plaintiff of the bankruptcy proceedings. However, defendant did list Kyle and Company as a creditor in the bankruptcy schedule and a creditor’s notice was mailed to Kyle and Company.
 

 On October 3, 1958, plaintiff caused a writ of execution to be levied on a commercial account of the defendant in Solano County, in the sum of $216.09, whereupon defendant moved to quash the writ and to stay further proceedings until termination of the bankruptcy proceedings could be filed in the municipal court, upon the grounds that plaintiff’s judgment was discharged in bankruptcy.
 

 Appellant contends that section 17 of the Bankruptcy Act of 1898, as amended, (11 U.S.C.A., §35, subd. a) provides:
 
 *Supp. 885
 
 “A discharge in bankruptcy releases a bankrupt from all of his provable debts whether allowable in full or in part, except as . . . [3] have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt,
 
 unless such creditor had notice or acttcal knowledge of the proceedings in bankruptcy.”
 
 (Italics ours.)
 

 He asserts that under the assignment from Kyle and Company to plaintiff, there is the relationship of principal and agent and that the creditor’s notice received by Kyle and Company as principal constituted notice to plaintiff, its agent, under the provision of section 2332 of the Civil Code, which provides: “As against a principal, both principal and agent are deemed to have notice of whatever either has notice of and ought in good faith and the exercise of ordinary care and diligence to communicate to the other.”
 

 It was conceded that plaintiff had no actual knowledge of the bankruptcy proceedings, and therefore the only question on this appeal is whether or not notice mailed to Kyle and Company can be construed as notice to the plaintiff.
 

 Under California law, after notice to a debtor of the assignment of a claim for collection, the debtor deals with the assignor at his peril and upon the service of summons upon the assigned claim, notice of the assignment to the debtor is conclusively established
 
 (In re Kling,
 
 44 Cal.App. 267 at p. 270 [186 P. 152]). Further, as between plaintiff and defendant, the status of plaintiff is more than a mere assignee. He had become defendant’s judgment creditor for approximately two years and after Kyle and Company had gone out of business.
 

 In
 
 Santa Rosa Bank
 
 v.
 
 White,
 
 139 Cal. 703 [73 P. 577], it was held that the provision to the exception contained in section 17 of the Bankruptcy Act, “unless such creditor had notice or actual knowledge of the proceedings in bankruptcy, ’ ’ does not contemplate constructive notice to the creditor; but the term “actual knowledge” is used as explanatory of the word “notice,” and actual knowledge is required in order to exclude the creditor from the exception. It follows, therefore, that section 2332 of the Civil Code should not be applied to meet the requirement of actual knowledge. The ease of
 
 Ray
 
 v.
 
 Schubach,
 
 10 Cal.App.2d 122 [50 P.2d 1073], cited in the decision of the Los Angeles Appellate Superior Court, relied upon by appellant, is distinguished because the assignor there had actual lmoivledge of the debtor’s bankruptcy (being
 
 *Supp. 886
 
 told in the debtor’s lawyer’s office) long prior to the filing of the suit on the assigned claim.
 

 It has been further held in reference to section 17 of the Bankruptcy Act in
 
 Brown
 
 v.
 
 Tropp,
 
 106 Cal.App. 605 at p. 608 [289 P. 648] as follows: “The provisions of the law relied upon by plaintiff in error are for the benefit of creditors, not of the debtor. That the law should give a creditor remedies against the estate of a bankrupt, notwithstanding the neglect or default of the bankrupt, is natural. The law would be, indeed, defective without them. It would also be defective if it permitted the bankrupt to experiment with it, —to so manage and use its provisions as to conceal his estate, deceive or keep his creditors in ignorance of his proceeding, without penalty to him. It is easy to see what results such looseness would permit,—what preference could be accomplished and covered by it.”
 

 Since the plaintiff herein was a judgment creditor of defendant well known to him for approximately two years before bankruptcy proceedings, it would appear that the just application of the provisions of section 17 of the Bankruptcy Act above quoted, if there be any doubt as to its applicability, should be resolved in favor of the creditor under the facts and circumstances of this case.
 

 The judgment should therefore be and it is affirmed.
 

 Conley, P. J., and DeWolf, J., concurred.