385 P.2d 396

**Manuel GARREN, Plaintiff-Appellant,**

**v.**

**Stanley SACCOMANNO, Defendant-Respondent.**

**No. 9150.**

Supreme Court of Idaho.

Sept. 26, 1963.

Bandelin & Cogswell, Sandpoint, for appellant.

Stephen Bistline, Sandpoint, for respondent.

McFADDEN, Justice.

After rendition of the original opinion in this appeal the respondent petitioned for rehearing, which petition was granted and the matter again argued. The original opinion filed October 5, 1962 is withdrawn and this opinion substituted therefor.

Appellant Garren instituted this action on six separate causes for debts owed by respondent Saccomanno to four parties; one of the creditors being the Cox Implement Co., Inc., which held a promissory note and an open account; another creditor being the Priest River Co-op., which had an open account; another creditor being Henry Maro Department Store, the holder of another open account and still another being Western Farmers Association, the holder of a conditional sales contract, with a balance due thereon, and also another open account. Appellant by his complaint alleged that the various claims had been sold and assigned, or transferred and assigned to him by the various creditors, and appellant brought the action as an assignee

of the various debts. The complaint against respondent was filed September 15, 1960, and summons served on respondent on September 25, 1960. Writ of attachment was issued upon filing of the complaint, and levy made on respondent's real property the same day. Affidavit and motion for default was filed and the default of respondent entered October 17, 1960. In the meantime Saccomanno paid to the appellant's attorney $50.00 on the amounts claimed due, and was notified by the attorney that monthly payments would not be satisfactory.

In the fall of 1960, respondent filed his petition in bankruptcy in the United States District Court, the petition scheduling the names and addresses of the four parties whose claims were assigned to appellant as unsecured creditors. The petition showed this action was then pending between appellant, as plaintiff, and the respondent, as defendant, and that a writ of attachment had issued and the real property was attached. No notice of bankruptcy proceedings as required by the Bankruptcy Act § 58, 11 U.S.C.A. § 94 was ever served on appellant. Respondent was discharged in bankruptcy in January 1961.

On October 17, 1961, default judgment was entered against respondent by the District Court, and on November 1, 1961, respondent by his then attorney (other than the one representing him on this appeal) moved to vacate the default judgment and to quash the writ of attachment. This motion recited as the reason why it should be issued:

"That defendant, Stanley Saccomanno, on or about the 14th day of October, 1960, filed with the United States District Court a petition in bankruptcy, which schedule listed the accounts subject to the above entitled action.

"That the plaintiff held the accounts as assignee for collection only and not the owner thereof.

"That due notice of all accounts scheduled was given by the Referee in bankruptcy and thereafter on the 25th day of January, 1961, the defendant, Stanley Saccomanno, was granted a discharge in bankruptcy including the accounts held by plaintiff for collection.

"That plaintiff by virtue of the suit and attachment had no priority or security for said accounts and their collection is barred by the bankruptcy aforesaid."

This motion was accompanied by neither affidavits, nor any proposed answer to be filed should the court grant the motion to vacate the judgment. Later appellant's counsel submitted an affidavit stating among other things:

"At no time during any of the bankruptcy proceedings was notice ever given to plaintiff Manuel Garren of

the pendency of the bankruptcy, allowing time for the plaintiff to file any claim in bankruptcy.

"Although Saccomanno had been served with copies of the Summons and Complaint of the plaintiff and had acted accordingly by making payments on the claim of the plaintiff, and although Saccomanno knew the plaintiff to be the assignee of the above mentioned creditors, Saccomanno did not list the plaintiff as a creditor in his bankruptcy petition in order that notice of the bankruptcy could be served on the plaintiff and in order that the plaintiff could file his claim in bankruptcy.

"It is plaintiff's contention that since the plaintiff was not listed as a creditor in bankruptcy, and since the plaintiff received no notice of the bankruptcy petition, the claim of the plaintiff is not discharged in bankruptcy and the Judgment entered herein should not be vacated."

One Clyde W. Cox filed an affidavit stating in effect he was a merchant and that he had acquired accounts receivable hard to collect; that he had turned some of the accounts over to Garren; "that the terms of such assignment for collection are that Manuel Garren is to retain a percentage of the amount collected and remit the balance to affiant. That Manuel Garren did not buy these accounts or pay anything for them, but possesses said accounts for collection only." The affidavit does not identify affiant with the Cox Implement Company, Inc., except by inference.

The court after hearing arguments and considering the affidavits and copies of the petition and discharge in bankruptcy, entered its order, reciting:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment entered in this matter on October 2, 1961, be and the same is hereby vacated and declared null and void, and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the writ of attachment issued herein * * * is quashed and vacated."

It is from this order that appellant appeals.

On the original argument before this court counsel presented the issues solely as involving substantive law, without regard to the procedural discrepancies; on the argument on rehearing the emphasis was placed on the procedural aspects of this matter.

The order vacating the judgment and quashing the writ must have been based on a conclusion by the court that the discharge in bankruptcy was conclusive of the matter, without necessity for any further proceedings being taken; otherwise the court would have maintained the status of the parties by refusing to quash the writ of at-

tachment. In this conclusion the court was in error.

Appellant contends he was the owner of the claims on which the suit was brought and thus a "creditor" as that term is defined by the Bankruptcy Act § 1, 11 U.S.C.A. § 1(11), and that he received no notice of the proceedings as required by Bankruptcy Act § 58, 11 U.S.C.A. § 94, and thus his claims were not discharged.

Respondent, however, contends that appellant was not a true assignee of the debts, but merely an assignee for collection, and that notice to the original creditors—the assignors—of the bankruptcy proceeding was all that was requisite for discharge of the obligations.

Respondent argues that under the provisions of Chapter 22, Title 26, Idaho Code, appellant could not have owned the debts as a true assignee, because he was limited by such Chapter to operate as an agent merely. He mentions I.C. § 18–1003, as supporting this contention, which section provides:

"Every attorney, public officer, or licensed collector, who, either directly or indirectly, buys or is interested in buying any evidence of debt or thing in action, with intent to bring suit thereon, is guilty of a misdemeanor."

This criminal statute was first adopted by the Revised Statutes of Idaho 1887, Sec. 6524, but at that time was limited in its application to attorneys only. In 1927 its application was expanded to encompass "public officer, or licensed collector". (S.L. 1927, Ch. 52, p. 67). The provisions of this criminal statute do not support respondent's argument. Chapter 22, Title 26, I.C., providing for issuance of permits to collection agencies and regulating them, was enacted in 1929 (S.L.1929, Ch. 181, p. 319), and later amended by S.L.1953, Ch. 127, p. 198. The 1929 enactment repealed an earlier law dealing with the same subject matter, which had been adopted in 1915. (S.L.1915, Ch. 76, p. 187). Chapter 22, Title 26, I.C., (and the previous enactment of 1915) by authorizing collection of debts by licensed collection agencies, recognizes that lawful means for accomplishment thereof may be employed which impliedly includes the right to invoke legal processes afforded by court procedures. Merchants' Protective Ass'n v. Jacobsen, 22 Idaho 636, 127 P. 315.

A question arises also whether appellant's interest in the obligations was such as to constitute him a "creditor" of the respondent within the meaning of the Bankruptcy Act, thus entitling him to notice of bankruptcy proceedings. In Ismay v. Tyler, 169 Cal.App.2d Supp. 883, 337 P.2d 257, a plaintiff collection agency obtained a judgment on a claim assigned to it for collection against the defendant, who some seven months later, was adjudicated bankrupt. Plaintiff was not scheduled as a creditor in

the petition in bankruptcy, nor was he given notice to the proceedings, although plaintiff's assignor was scheduled as a creditor and given notice. A year later, plaintiff obtained a writ of execution against the defendant's bank account, and defendant moved to quash the writ on the ground that the claim had been discharged. The California court held that the debt had not been discharged because the plaintiff had not been given notice. In that case, unlike the one now before us, judgment had been entered prior to the adjudication in bankruptcy, and plaintiff was thus not only the holder of a legal title to an assigned claim, but was also a judgment creditor in his own name prior to the adjudication in bankruptcy. This difference, however, does not affect the applicability of the reasoning to the instant action. Another case somewhat similar is: In re Skrentny, 199 F.2d 488 (7th Cir., 1952), which held that a judgment that had been assigned prior to the debtor's bankruptcy to one other than the original judgment creditor, was not discharged in bankruptcy where the assignee had not been scheduled on the petition as a creditor nor given notice, even though the original judgment creditor has been given notice.

In Interstate Credit League v. Widdison, 50 Idaho 493, 297 P. 1106, there was a factual situation resembling the instant action, but the issue now before the court was not considered. That case held that the evidence did not establish the original creditor had received notice, so that the question of notice to the assignee for collection was never reached.

The crux of the problem is the question whether appellant possessed a "provable claim" within the meaning of the Bankruptcy Act, Sec. 63; 11 U.S.C.A. § 103, sub. a; 2 Remington Bankruptcy § 796, p. 219 (1956). This subject is discussed In re Federal Facilities Realty Trust, 220 F. 2d 495 (7th Cir., 1955). There the court stated:

"The word 'claims' includes all demands of whatsoever character against the debtor or its property, whether secured or unsecured, liquidated, unliquidated, fixed or contingent. 'Debts' include all claims, and 'creditors' include the holders of any and all claims. 11 U.S.C.A. § 506. Consequently, any claim which is recoverable either in law or equity is provable in bankruptcy." 220 F.2d p. 499.

See also: In re American Specialty Co., 191 F. 807 (2nd Cir., 1911). In re Veler, 249 F. 633 (6th Cir., 1918).

It has been held that legal title to an assigned claim vests in the assignee, even though the assignor may still have an equitable interest. Taylor v. C. I. T. Corp., 187 Miss. 581, 191 So. 60. And this is so, even if there was no consideration for the assignments. Henningsen v. Mayfair Pack-

ing Co., 41 Cal.2d 558, 261 P.2d 521. In National Reserve Co. v. Metropolitan Trust Co., 17 Cal.2d 827, 112 P.2d 598, the Supreme Court of California stated:

"* * * It is well established that an assignment of a chose in action for collection vests the legal title in the assignee whether or not any consideration is paid therefor. In such case the assignee may maintain a suit thereon in his own name, even though the assignor retains an equitable interest in the thing assigned."

In the case of an assignment for collection, the assignee holds legal title as trustee for the assignor. Doxen v. Wagner, 142 Md. 441, 121 A. 254; Harrison v. Adams, 20 Cal.2d 646, 128 P.2d 9; Rae v. Cameron, 112 Mont. 159, 114 P.2d 1060, reversing State ex rel. Freebourn v. Merchants' Credit Service, 104 Mont. 76, 66 P.2d 337.

A recent Oregon case has held that an assignee who took title to the assigned claims as a trustee was a "creditor" under the Bankruptcy Act and thus entitled to notice, even though the assignor had received notice. State ex rel. Nilsen v. Bean, 218 Or. 506, 346 P.2d 652. The court there expressed its reasoning as follows:

"The commissioner was a creditor; his claim was not scheduled as required, and he received no notice nor had he actual knowledge. The requirement of notice in the bankruptcy act is the only due process afforded to creditors and is the only means by which the bankruptcy court may thereby adjudicate creditors' rights. The cases we have cited reflect the zeal with which the courts have guarded the requirement of notice. The debtor seeking the advantage of a discharge of his debts must accept the peril of the failure to schedule and notify a known creditor." 346 P.2d p. 656.

Under the reasoning of the above cases, an assignee for collection, holding legal title to the claim as trustee for the assignor, holds a "provable claim" and is a "creditor" under the Bankruptcy Act. Such a result is further supported by the fact that such assignee for collection may possess a personal financial interest in the claim as well. See: Anno., 28 A.L.R.2d 1243, 1283. We therefore hold that appellant, as an assignee for collection of the Cox claim, (as well as the other claims in like category), is a "creditor" within the Bankruptcy Act, and entitled to notice of the bankruptcy proceedings, even though notice was given to the assignor.

In respondent's motion to vacate the judgment it is asserted:

"That due notice of all accounts scheduled was given by the referee in bankruptcy * * *"

In the affidavit of appellant's counsel it is stated:

"At no time during any of the bankruptcy proceedings was notice ever given to plaintiff Manuel Garren of the pendency of the bankruptcy, * * *"

A question was presented that the court was required to resolve. Bankruptcy Act 17, sub. a(3), 11 U.S.C.A. § 35, sub. a(3) excepts from the operation of a discharge all provable debts which

"have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

1 Collier on Bankruptcy § 17.23(5), pg. 1668. Yoder v. American Aluminum Products, Inc., (Fla.) 89 So.2d 351. First Discount Corp. v. Applegate, 104 Ohio App. 84, 143 N.E.2d 868; State ex rel. Nilsen v. Bean, 218 Or. 506, 346 P.2d 652.

Under the provisions of I.R.C.P. 55(c) and 60(b) a trial court may for good cause set aside a default and judgment. I.R.C.P. 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)." On Motion I.R.C.P. 60(b) authorizes relief from judgments for the reasons therein expressed.

■ This court has long adhered to the rule that judgments by default are not favored. Orange Transportation Co. v. Taylor, 71 Idaho 275, 230 P.2d 689; Mead v. Citizen's Automobile Inter-Insurance Exch., 78 Idaho 63, 297 P.2d 1042; in doubtful cases the tendency is to incline toward granting relief from the default and bring about a judgment on the merits. Orange Transportation Co. v. Taylor, supra; Mead v. Citizen's Automobile Inter-Insurance Exch., supra; Johnson v. Noland, 78 Idaho 642, 308 P.2d 588; Davis v. Rathbun, 79 Idaho 482, 321 P.2d 609.

■ Respondent's motion to vacate the judgment was not accompanied with either affidavit establishing facts outside the record or with any proposed answer showing facts constituting a valid defense. Ignoring the provisions of I.R.C.P. 7(b) the motion as submitted fails to set forth the particular grounds upon which respondent was relying for relief to be granted under the provisions of I.R.C.P. 60(b). Appellant (only submitting his counsel's affidavit), failed to attack the motion for such deficiencies, which, had they been called to the attention of the court, could have been timely corrected. Under such record it is understandable that the order of the court was too broad, leading to this appeal. See 7 Moore's Federal Practice, § 60.28(3), page 325 et seq.; 5 Federal Practice Procedure, Rules Edition, § 4331 et seq.

277

There appearing to be grounds for a defense to the complaint, the order of the trial court setting aside the default and vacating the judgment is affirmed; the order quashing the writ of attachment is vacated and said writ is hereby reinstated. The cause is remanded to the trial court with directions to grant leave to the parties to file or amend the pleadings or to supplement or amend their motions, and proceed with further and final disposition of the cause.

No costs allowed.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.