595 P.2d 321

**SMITH ELECTRIC, INC., a corporation, Plaintiff-Respondent,**

v.

**Roger CRANDLEMIRE and Mrs. Roger Crandlemire, husband and wife, Defendants-Appellants.**

No. 12816.

Supreme Court of Idaho.

May 23, 1979.

Murphy & Ettinger, Jack M. Murphy, of Murphy & Rose, Shoshone, for defendants-appellants.

James T. Jones, Jerome, for plaintiff-respondent.

BISTLINE, Justice.

Appellant Crandlemire requests us to reverse an order of the district court denying his motion to set aside a default judgment.

The plaintiff-respondent Smith Electric, Inc., (Smith) was hired by Crandlemire to furnish materials and to perform electrical work on Crandlemire's building. The work was completed on September 24, 1976, and Crandlemire was billed $1,180.00. On November 5, Crandlemire was notified by letter from Smith's attorney that if the bill was not paid within 10 days, a mechanic's lien would be filed against his property, and that if a suit became necessary, attorney fees and court costs would be sought.

Crandlemire did not make payment or answer the letter. The lien was subsequently filed.

Smith's attorney then wrote Crandlemire that the lien had been filed, and 8 days later mailed a copy of a complaint, and by letter advised that it would be filed in 4 days, unless payment was made; no payment ensued; the complaint was filed, and the Crandlemires were served with process on January 10, 1977.

On January 25, 1977, Crandlemire and Smith apparently either met, or conversed, and agreed to a settlement of the original bill for the lesser sum of $890.00. Crandlemire thereafter mailed Smith a check in that amount on the face of which was written "Final payment, all work to date." A few days later Smith's attorney wrote Crandlemire advising that Smith remained willing to take $890.00 in settlement for the labor and materials, but that "there is also a matter of attorney's fees and costs of suit which needs to be resolved." The letter went on to point out that a total payment of $1,132.00 was required "in order to effectuate the settlement" and obtain a dismissal and release of lien, but if that amount was not paid by February 1, 1977, a default would be filed and a default judgment would be sought for the amounts prayed for in the complaint. The check was retained, but not presented. Crandlemire did not respond and a default was entered on February 10, 1977.

Six days later, Crandlemire was notified that the default had been entered, that the $890.00 check would be returned, and that, unless full payment was made within 3 days, a default judgment would be sought for the *full* amount. A Mr. Doyle then called Smith's attorney, identifying himself as an employee of Crandlemire with authority to settle. Nothing in the way of a settlement was achieved, and *Doyle asked for the return of the $890.00 check.* The check was returned to Crandlemire on March 4, 1977, at which time Crandlemire was again advised that a judgment would be sought.

Ten days later, on Smith's submitting an affidavit to support his claim, judgment was entered against Crandlemire for $1,180.00 with 8% interest, $42.00 costs, and $393.33 for attorney's fees. The judgment decreed said sums to be a lien against Crandlemire's property, and ordered that the same be sold to satisfy the judgment.

Crandlemires were so notified on March 16, 1978, and further advised that the sheriff would shortly be directed to sell their property. Before a sale took place, and just after March 16, 1978, Crandlemire's attorney contacted Smith's attorney, advising that action might be taken to set aside the decree and default judgment. Thereafter Crandlemire moved to vacate the default judgment, supported by his affidavit stating that no appearance had been made in reliance on the compromise agreement culminating in transmittal of the $890.00 check. Smith's attorney filed his own opposing affidavit which identified and attached the correspondence herein above mentioned, which affidavits and correspondence closely detailed the sequence of events, no proof of which was contradicted by any reply affidavit from Crandlemire. The court denied the motion, stating that an accord and satisfaction had not been achieved because the check was not cashed, and a letter had gone back to Crandlemire two days later stating that $890.00 was not acceptable.

Crandlemire's motion to set aside the default judgment did not present any proposed answer to Smith's claim. There was no specific claim in his affidavit that he had a meritorious defense to offer other than it appeared in his statement that he "had a good and meritorious defense," i. e., the accord and satisfaction.

Smith, though contending that such a defense was not shown, did not challenge Crandlemire's failure to show an excuse for his delay in appearing. Thus the only issue which the motion and opposition presented to the trial court was the legal effect of the alleged $890.00 compromise agreement conversation, followed by the mailing of the check and its retention but without presen-

tation, as affected by the letter sent back two days later confirming the settlement of the underlying account but adding that necessary was an additional amount to cover attorney fees and court costs. That is, was a meritorious defense sufficiently shown at the time Crandlemire finally appeared and moved to set aside the judgment?

■ The burden was on Crandlemire to supply detailed facts of his proposed defense. *Fisher v. Bunker Hill Co.,* 96 Idaho 341, 528 P.2d 903 (1974); *Fairchild v. Mathews,* 91 Idaho 1, 415 P.2d 43 (1966); *Clay v. Rossi,* 62 Idaho 140, 108 P.2d 506 (1940); *Baillie Lumber Co. v. Kincaid Carolina Corp.,* 4 N.C.App. 342, 167 S.E.2d 85 (1969). *See Nelson v. Armstrong,* 99 Idaho 422, 582 P.2d 1100 (1978); *Hearst Corporation v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979).

Although it was conclusory in nature for Crandlemire to simply assert that the claim was compromised, we extend Crandlemire the benefit of any doubt in that respect, and accept that such was, arguendo, a short-hand substitute taking the place of his recounting the conversation and transaction between himself and Smith. In that way, his "pleading" is similar to that in *Garren v. Saccomanno,* 86 Idaho 268, 385 P.2d 396 (1963) where, in an equally terse affidavit, the party seeking relief declared simply upon the defense of his bankruptcy. While "bankruptcy," perhaps, carries with it a greater connotation than the conclusory statement that an accord and satisfaction was reached, the defense of discharge in bankruptcy can be substantiated by documentary proof from the bankruptcy court. Here, however, there is no receipt, and hence no fully executed agreement whereby the creditor has accepted a lesser amount than the original bill. *Marysville Develop-*

*ment Company v. Hargis,* 41 Idaho 257, 239 P. 522 (1925).

■ Accepting that an agreement was reached between Smith and Crandlemire, as is certainly confirmed by the letter Smith's attorney wrote two days later, the check, the endorsing and cashing of which would have served as the receipt, was simply retained, awaiting further word from Crandlemire, and thereafter returned to Crandlemire at the request of Doyle who inferentially acted for Crandlemire. Assuming that a bargain had been struck between the parties, it is clear that Smith's letter notified Crandlemire that Smith would honor it only if attorney fees and court costs were paid, and thereafter Crandlemire, by requesting the return of his check, joined in retreat from any such accord and satisfaction, the parties thus effectively rescinding any agreement of accord and satisfaction, and returning to their earlier positions with their former rights and liabilities unaffected. Accordingly, by the time that Crandlemire did deign to come into court, he was no longer able to maintain an accomplished accord and satisfaction as a defense. When his meritorious defense failed, also failed with it any excuse for not having timely appeared.

Affirmed. Costs, including attorneys fees, I.C. § 12–121, to the respondent.

SHEPARD, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.