First Discount Corp., Appellant, *v.* Applegate, Appellee.

(No. 8241—Decided April 1, 1957.)

*Mr. Jacob S. Hermann,* for appellant.
*Mr. Lee J. Hereth,* for appellee.

Matthews, J. On November 1, 1951, the plaintiff recovered a judgment against the defendant for $2,160.19, with interest and costs, by the consideration of the Court of Common Pleas of Hamilton County, Ohio. There was no defense pleaded in the case, and, thereafter, the judgment debtor made seven payments, in all amounting to $1,100, leaving a substantial part of the judgment still unsatisfied. This is an appeal from an order dismissing proceedings in aid of execution to enforce payment of the unsatisfied portion.

The judgment debtor pleaded a discharge in bankruptcy obtained by him after the rendition of this judgment, and in the order dismissing this proceeding, the court sets forth the basis of his decision as follows: "For the sole reason that the defendant's discharge in bankruptcy in case No. 874, Bankruptcy Docket, U. S. District Court for the Eastern District of Kentucky, Gatlettsburg, Kentucky, must be set aside first before plaintiff may have an ancillary help in this court based on its judgment herein."

At the hearing on the motion to dismiss the proceedings in aid, it was stipulated that the plaintiff had obtained a judg-

ment on November 1, 1951, for $2,160.19 and costs, and that a substantial amount remains due thereon, that the defendant was duly adjudged a bankrupt on August 12, 1954, and obtained a discharge in bankruptcy on December 8, 1954. It was stipulated also that the plaintiff was not listed as a creditor in the original schedule of debts, but that on September 10, 1954, the defendant herein filed an amended "Schedule A-3" in the bankruptcy proceeding listing the plaintiff as a judgment creditor.

It was stipulated also that the plaintiff herein received no notice of the filing of the bankruptcy proceedings or of the first meeting of creditors, or of the time within which objections to the discharge could be filed or of the filing of the amended schedule, and had no actual notice or knowledge of said bankruptcy or of the action taken therein.

The amended schedule was introduced in evidence. We quote the entire amendment: "First Discount Corporation, Court of Common Pleas, Hamilton County, Ohio. Judgment in Court of Common Pleas, Hamilton County, Ohio, in the sum of $2,160.19 and $10.75 costs, of which $1,100 has been paid."

From the testimony, we learn that at all times the plaintiff's home or principal office was in the city of South Bend, state of Indiana, and that it had a branch office in the city of Dayton, state of Ohio, and that in this action, in which this judgment was rendered, it was set forth in the caption of the petition that the address of the First Discount Corporation, the plaintiff, was 504 11 West Monument Building, Dayton 2, Ohio.

It appears also that the referee in bankruptcy sent a notice of the first meeting of creditors to First Discount Corporation, Cincinnati, Ohio, and it was returned to him for "insufficient address."

It appears from the affidavit that Mr. Dennis was the attorney for the defendant in the original action and that he made the partial payments on this judgment to Mr. Hermann on behalf of the plaintiff, and while it is not expressly stated, the inference is that he represented the plaintiff in the original action, and it expressly appears that all payments to Hermann were made in Cincinnati, Ohio.

On this record the court gave effect to the discharge in

bankruptcy and dismissed the proceedings in aid, thereby foreclosing the enforcement of the judgment.

By Section 25, Chapter 3, Title 11, U. S. Code, it is provided, in part, that the bankrupt shall "prepare * * * and file in court * * * a list of all his creditors * * * showing their residences or places of business, if known, or if unknown that fact to be stated."

And, by Section 35, it is enacted that a discharge in bankruptcy shall not release such debts as "have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

It seems clear to us that the defendant manifestly failed in his duty to *duly* list the plaintiff's address or to recite that its address was unknown. Indeed, it would have been difficult for him to state under oath that plaintiff's address was unknown, in view of the fact that its address was in the caption of the petition upon which the judgment listed was rendered.

There are many cases dealing with insufficient addresses in bankruptcy schedules, and perhaps the cases on that subject would be hard to reconcile on facts and circumstances varying with differences in population in different localities.

However, there is, and can be, no conflict in the conclusion that the statute requires some address if known, or if unknown, that fact must be stated. In this case, neither was done.

We are not advised by the record that the trial judge had any different view on this subject. He gave effect to the discharge regardless of the failure of the defendant to duly schedule the plaintiff's debt, because of his conclusion that this would constitute a collateral attack upon the action of the Bankruptcy Court in granting the discharge. His conclusion failed to take account of the limited issue raised by an application for a discharge in bankruptcy. The only issue is whether the applicant is a bankrupt. If he is found to occupy that status, the court so declares and grants him a discharge. Thereafter, he occupies that status. The effect is not determined. As is said in 6 American Jurisprudence, 981 *et seq.*, Section 744: "The right to a discharge is determined in the bankruptcy court; the effect of the discharge when obtained is ordinarily determined when-

ever and wherever the enforcement of a debt is attempted against the bankrupt.''

And, at 983, Section 746: ''The right to a discharge is distinct from the effect of a discharge on particular debts.''

It should be noted that the books are full of cases in state courts in which the issue was, whether the particular debt sued upon was enforceable notwithstanding the discharge. The state courts are where the issue is usually raised.

As we view it, we are called upon to interpret the discharge in the light of the statute, and not disregard any part of it. The bankruptcy court only assumed to discharge such dischargeable debts as had been duly scheduled. It did not undertake to place a bar against creditors who had not been listed and who knew nothing of the proceeding. They were not parties to the proceeding and, therefore, not bound by the order of discharge. We also find it stated in 6 American Jurisprudence, 983, Section 746, that: ''Thus, alleging that a claim is not discharged because not duly scheduled is not a collateral attack on the order of discharge.''

In 8 Corpus Juris Secundum, 1531, Section 577, the same rule is announced, that, ''a debt not duly scheduled survives a discharge in bankruptcy unless the creditor has notice or actual knowledge of the proceeding in bankruptcy.''

At page 1536 it is said that ''due scheduling requires the residence of the creditor to be set out if known, and if unknown, such fact to be stated.''

At page 1595, Section 590, the following language appears: ''Urging that a claim is not affected by the discharge is not a collateral attack thereon.''

As has already been noted, the plaintiff's residence was not listed. Certainly, the recital of the name and location of the court in which the judgment was rendered bears no relation whatever to the plaintiff's residence. It shows where the obligation was incurred—and nothing more.

Nor was there any recital that the plaintiff's residence was unknown, which was an alternative method of listing, but which would only be available after a reasonable effort had been made to discover the residence. No effort appears to have been made in this instance.

For these reasons, the judgment is reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT, P. J., and LONG, J., concur.