**In the Matter of Robert E. BURNS and Helen M. Burns, Bankrupts.**

**Nos. 20158–B–2, 20159–B–2.**

United States District Court,
D. Kansas.

June 20, 1972.

found that there was an absence of the fraud and false representations necessary to a finding of non-dischargeability, pursuant to the provisions of Section 17, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 35(a)(2).[1]

The Burns' were adjudicated bankrupts on January 22, 1971. On February 16, 1971, the Bank filed application pursuant to Section 17 of the Bankruptcy Act for a determination that a debt of $5,262.11, pursuant to a judgment rendered in the District Court of Sedgwick County Kansas, November 12, 1970, was non-dischargeable by reason of fraudulent statements made to the Bank by Robert E. Burns. The judgment of the state court included a finding that "defendant Robert E. Burns made fraudulent statements, which induced the loans reflected by notes . . ." Farmers and Merchants State Bank, Argonia, Kansas v. Robert E. Burns, Case No. C–16866, [Ex. B, Proof of Claim.]

The Bank contended that the finding of fraud by the state court was final and conclusively binding on the Referee in his determination of whether or not the debt was dischargeable in bankruptcy.

By analysis of the history, purpose and effect of the so-called "Dischargeability Bill", Public Law 91–467, 91st Congress, U.S.Code Cong. & Admin.News 1970, Vol. 1, p. 1156 et seq., the Referee determined that the question of dischargeability is exclusively and independently within the jurisdiciton of the bankruptcy court regardless of judicial determinations of fraud in a state court. The Referee further determined that such "fraud" as may have been found by the Sedgwick County District Court in this instance was not the type of fraud specified by Section 17, sub. a(2), 11

Jerry G. Elliott, Wichita, Kan., for Farmers and Merchants State Bank of Argonia.

Arthur G. Johnson, Jr., Wichita, Kan., Trustee appointed by Court.

Richard Rumsey, Wichita, Kan., for bankrupts.

## ORDER ON PETITION FOR REVIEW OF FARMERS AND MERCHANTS STATE BANK OF ARGONIA

WESLEY E. BROWN, Chief Judge.

The petitioner, Farmers and Merchants State Bank of Argonia, Kansas, [hereinafter referred to as "Bank"], a creditor in the Burns' bankruptcy estates, seeks review of an Order of the Referee which determined that a debt owed by the bankrupt, Robert Burns, was dischargeable. In so ruling, the Referee

1. "Section 17. Debts Not Affected by a Discharge.

    a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive . . . . "

U.S.C.A. § 35(a)(2), so as to make the judgment debt non-dischargeable.

The Court has carefully reviewed the state files and pleadings, and the transcript of testimony taken by the state court on November 12, 1970. [Creditor's Ex. 3.] This review discloses that the sole issue contested in the state court was that of "fraud", with the Bank endeavoring to establish a claim which would be non-dischargeable in bankruptcy. [Tr. p. 12.]:

> "Mr. Stout (Atty. for Farmers & Merchants Bank):
>
> The issue remaining, as I see it, is an issue of whether or not the statements and materials furnished by Mr. Burns to the Farmers and Merchants State Bank and, also, I guess, in the other case to the Union National Bank, at the time the various loans were made, were false statements, fraudulent statements or misrepresentations entitling the plaintiff to a non-dischargeable judgment. Now that's really the only issue left in the case, as I see it, Your Honor."
>
> *       *       *       *       *       *
>
> "The Court: I would assume that it might more accurately be stated as to whether or not there was fraud whether or not it's dischargeable, I think, will be up to the United States Court rather than this Court.
>
> "Mr. Stout: You're right, sir, I agree. I was just trying to clarify the record."

The Court fully agrees with the Referee's analysis of the new legislation, and his conclusion that its basic objective was to lodge exclusive jurisdiction in the Bankruptcy Court to determine those categories of debts which are non-dischargeable. Under such circumstance, a finding of the state court that Robert Burns made fraudulent statements which induced the loans, is not binding by reason of "res judicata", or collateral estoppel, on the Referee's independent determination of dischargeability according to the standards set out in Section 17 of the Act, as amended.

The Bank concedes that the evidence which it presented was insufficient to establish non-dischargeability under the criteria set out in Section 17. The Court's review of the state trial transcript reveals that there was an absence of evidence of the required intent to deceive, and reliance on the part of the Bank. Accordingly, the findings and conclusions of the Referee with respect to the dischargeability of the debt in question are, in all respects,

Affirmed.