(9 P.3d 561)
No. 83,818

CHANUTE PRODUCTION CREDIT ASSOCIATION, *Appellant*,
v. MICHAEL C. SCHICKE, *Appellee*.

Opinion filed July 21, 2000.

*Calvin L. Wiebe*, of Law Office of Calvin L. Wiebe, P.A., and *Eric D. Bruce*, of Bruce, Bruce & Holt, L.L.C., of Wichita, for appellant.

*Philip J. Bernhart*, of Coffeyville, for appellee.

Before BEIER, P.J., RULON, J., and STEPHEN D. HILL, District Judge, assigned.

RULON, J.: Plaintiff Chanute Production Credit Association appeals the district court's order dismissing plaintiff's claims for lack of jurisdiction and assessing sanctions against the plaintiff under K.S.A. 1999 Supp. 60-211. We affirm in part, reverse in part, and remand with directions.

The facts distilled to their essence are as follows:

In April 1984, the plaintiff received a judgment against the defendant, Michael C. Schicke, in the amount of $583,186.39. Subsequently, the defendant filed a petition in the United States Bankruptcy Court for the District of Kansas and was granted a discharge from the debts listed in the bankruptcy schedule. The plaintiff was listed as a creditor on Schedule F of the bankruptcy petition, but the creditor's address was listed as "Chanute Production Credit Assn., c/o Coombs & Hull, P.O. Box 306, Chanute, KS 66720."

When the debt remained unpaid, the plaintiff filed an Application for Examination of the defendant in state court to determine what assets defendant possessed that could be applied to satisfy the judgment. The district court issued an order which directed defendant to appear for a hearing in aid of execution on the plaintiff's judgment.

The defendant failed to appear at the hearing; instead his counsel sent a letter to the district court indicating that the debt claimed by the plaintiff had been discharged in bankruptcy. Upon motion by the plaintiff, the district court issued a show cause order to defendant for contempt in failing to appear at the hearing. As we understand, the district court was unaware of the letter in the court file explaining the discharge. The defendant responded to the show cause order by filing a motion for sanctions against the plaintiff for violating an order of the bankruptcy court, requesting $133 in attorney fees. The plaintiff then filed a motion for sanctions for violation of the hearing order, arguing the defendant's debt to the plaintiff was not discharged in bankruptcy because the plaintiff never received proper notice.

After conducting a hearing, the district court found that it could be in contempt of the bankruptcy court's order if the plaintiff was permitted to pursue its judgment against the defendant. The district court deferred to the judgment of the bankruptcy court in determining the dischargeability of the plaintiff's claim. The district court imposed sanctions against the plaintiff for failing to inform the court of the defendant's position regarding the debt when it sought contempt proceedings for the defendant's failure to appear at the hearing.

The plaintiff appeals the order of the district court deferring judgment to the bankruptcy court and imposing sanctions upon the plaintiff.

## JURISDICTION

The plaintiff frames its first contention on appeal as a jurisdictional question, claiming the district court was required to consider the effect of lack of notice upon the discharge of the debt owed to the plaintiff.

As the plaintiff properly contends, jurisdiction is a question of law, and this court has unlimited review over the position taken by the district court. See *State v. Snelling*, 266 Kan. 986, 988, 975 P.2d 259 (1999).

We understand the plaintiff seeks to collaterally attack the bankruptcy court's jurisdiction in granting the defendant's discharge of the debt owed to the plaintiff, claiming the bankruptcy court never effected proper notice. However, this case does not present the factual basis for a collateral attack upon the bankruptcy court's judgment. Nothing in the record, or the plaintiff's allegations, suggests the bankruptcy court failed to follow the rules for notifying creditors of a pending bankruptcy established within the Bankruptcy Code and Rules. The plaintiff alleges the defendant improperly scheduled his debt to the plaintiff. As such, according to plaintiff, the defendant cannot raise his discharge in bankruptcy as an affirmative defense against the plaintiff's attempts to collect the judgment.

In *First Discount Corp. v. Applegate*, 104 Ohio App. 84, 143 N.E.2d 868 (1957), the Ohio Court of Appeals held:

"We are not advised by the record that the trial judge had any different view on this subject. He gave effect to the discharge regardless of the failure of the defendant to duly schedule the plaintiff's debt, because of his conclusion that this would constitute a collateral attack upon the action of the Bankruptcy Court in granting the discharge. His conclusion failed to take account of the limited issue raised by an application for a discharge in bankruptcy. The only issue is whether the applicant is a bankrupt. If he is found to occupy that status, the court so declares and grants him a discharge. Thereafter, he occupies that status. The effect is not determined. As is said in 6 American Jurisprudence, 981 *et seq.*, Section 744: 'The right to a discharge is determined in the bankruptcy court; the effect of the discharge when obtained is ordinarily determined whenever and wherever the enforcement of a debt is attempted against the bankrupt.' " 104 Ohio App. at 86-87.

The Bankruptcy Code, 11 U.S.C. § 523 (1994) provides exceptions to a discharge in bankruptcy. A determination of the applicability of those exceptions, however, is limited to a federal court of bankruptcy only if the creditor claims an exception under section 523(a)(2), (a)(4), or (a)(6). *Adam Glass Service, Inc. v. Federated Dept. Stores, Inc.*, 173 Bankr. 840, 843 (E.D.N.Y. 1994). See also

*In re Burns*, 357 F. Supp. 176, 177 (D. Kan. 1972) (finding exclusive bankruptcy jurisdiction for a claim of dischargeability brought for fraud or false representation). Jurisdiction for a determination of dischargeability is concurrent between the bankruptcy court and a court of competent jurisdiction with the exception of creditor claims brought under § 523(a)(2), (a)(4), and (a)(6). *In re Marriage of Sailsbury*, 13 Kan. App. 2d 740, 742, 779 P.2d 878 (1989).

However, determining that the district court could properly exercise jurisdiction does not dispose of this appeal. The district court refused to exercise jurisdiction over the claim, deferring to the bankruptcy court's determination of dischargeability of the plaintiff's claim. When a court possesses concurrent jurisdiction in an issue involving bankruptcy, refusal to exercise that jurisdiction is reviewed for an abuse of discretion. See *In re Thaggard*, 180 Bankr. 659, 662-63 (M.D. Ala. 1995).

Although *Thaggard* involved a bankruptcy court's abstention from determining whether debt obligations between a husband and wife were dischargeable in deference to a state court, there is no reason to apply a different standard of review when analyzing the action of the district court. See *Harwood v. Glacier Electric Co-op*, 285 Mont. 481, 486, 949 P.2d 651 (1997) (holding that review of a state court's decision to retain jurisdiction rather than deferring to a tribal court which possessed concurrent jurisdiction over the claim was an abuse of discretion standard); *State ex rel. Bell Atlantic v. Ranson*, 201 W. Va. 402, 411, 497 S.E.2d 755 (1997) (holding that review of a state court's decision to defer to an administrative agency with expertise in the area of law involved in the claims having concurrent jurisdiction was an abuse of discretion standard).

Here, the district court is not foreclosing the plaintiff's remedy because there is no time limit on a determination of dischargeability arising out of an alleged failure of proper notice. See *Adam Glass Service*, 173 Bankr. at 843; *In re Rose*, 139 Bankr. 878, 879 (Bankr. W.D. Tenn. 1992).

Furthermore, because the alleged error in notice arises from the defendant's scheduling of the plaintiff's debt under an inappropriate address, the Bankruptcy Court is in the best position to analyze

the plaintiff's factual claims to determine whether the notice effected to the plaintiff was "reasonably calculated, under all the circumstances, to apprise [the plaintiff] of the pendency of the [bankruptcy] and afford [the plaintiff] an opportunity to present [its] objections." *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950).

Under the circumstances, a reasonable person in the position of the district court may have deferred to the judgment of the Bankruptcy Court in determining whether the plaintiff's charge was dischargeable for failure of notice. As a result, we conclude the district court did not abuse its discretion in dismissing the action with leave to refile in the United State Bankruptcy Court for the District of Kansas. See *Saucedo v. Winger*, 252 Kan. 718, 729-32, 850 P.2d 908 (1993).

## SANCTIONS

The plaintiff objects to the district court's imposition of sanctions. Finding that the plaintiff's contempt allegations purposely omitted material and mitigating information regarding the defendant's failure to appear at the hearing in aid of execution, the district court sanctioned the plaintiff in the amount of the defendant's attorney fees and costs.

Generally, a court cannot award attorney fees or costs in this jurisdiction unless the legislature has so provided. Whether a court has the authority to impose fees and costs is a question of law, over which this court has unlimited review. See *Walker v. State*, 26 Kan. App. 2d 410, 411, 988 P.2d 283 (1999).

K.S.A. 1999 Supp. 60-211(c) provides for sanctions against a party or a party's attorney who files a pleading, motion, or other document with the court for an improper purpose as specified in subsection (b) of the statute.

Subsection (b)(1) prohibits the filing of a document for the purpose of harassing another party, delaying litigation, or needlessly increasing the costs of litigation. Subsection (b)(2) prohibits a filing containing claims not warranted by existing law or good faith arguments for an extension of the law. Subsections (b)(3) and (b)(4)

prohibit a filing containing factual contentions or denials that do not have evidentiary support.

We firmly conclude the plaintiff's conduct in this case does not constitute a violation of any of the above prohibitions. The plaintiff proceeded in the execution of its judgment in the belief that plaintiff's claim had not been discharged by the defendant's bankruptcy because of lack of notice. While a better policy might have been to inform the court of the defendant's position, the plaintiff was under no ethical or legal obligation to present the defendant's case. The case law clearly establishes that discharge in bankruptcy is an affirmative defense available to the debtor against any creditor's attempts to recover the pre-bankruptcy debt. See *Williams v. Texaco, Inc.*, 165 Bankr. 662, 668-70 (D.N.M. 1994) (explaining Congress' intent in declaring that a debtor could not inadvertently waive the affirmative defense of discharge from bankruptcy but providing that the defense could be intentionally waived).

When the defendant was notified that a pre-bankruptcy creditor was seeking recovery of a pre-bankruptcy debt, he was required to raise discharge in bankruptcy as an affirmative defense to the plaintiff's collection efforts. Without a showing that the plaintiff attempted to actively conceal the defendant's bankruptcy in order to deceive the court, the plaintiff's conduct did not rise to the level of sanctions.

We affirm the district court's refusal to exercise jurisdiction to determine the dischargeability of defendant's indebtedness to plaintiff but reverse the imposition of sanctions imposed against plaintiff and remand this cause with directions to the district court to vacate such sanctions.